James ADLER and Doris Adler,
Plaintiffs-Appellants,

v.

D&H INDUSTRIES, INC., David Lupton, and Howard
Lee Arnson, Defendants-Respondents.†

Court of Appeals

*No. 04–0464. Oral argument January 11, 2005.—Decided
February 9, 2005.*

2005 WI App 43

(Also reported in 694 N.W.2d 480.)

† Petition to review filed.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Terry E. Johnson* and *Heidi M. Biasi* of *Peterson, Johnson & Murray, S.C.*, of Milwaukee. There was oral argument by *Terry E. Johnson*.

On behalf of the defendants-respondents, the cause was submitted on the brief of *J. Ric Gass, Amelia L. McCarthy* and *Beth Ermatinger Hanan* of *Gass, Weber & Mullins, LLC*, of Milwaukee. There was oral argument by *J. Ric Gass*.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. BROWN, J.  This case is about Wisconsin's exception to the permissive counterclaim rule known as the "common-law compulsory counterclaim rule." When a subsequent action would serve to nullify the initial judgment or would impair the rights established in the initial action, then we will bar the subsequent action and rule that it should have been raised as a counterclaim in the first action. Here, however, the original action is still pending. Therefore, use of the common-law compulsory counterclaim rule by the circuit court to dismiss the second suit was error. We also hold that the alternative ground for dismissal, an insufficient complaint, was likewise error because the dismissal was on the merits. We reverse and remand with directions.

¶ 2.  The parties agree on the essential facts of this case. On June 29, 2000, D&H Industries, Inc., David Lupton, and Howard Lee Arnson (collectively D&H), commenced suit against appellants James and Doris Adler. The complaint alleged several causes of action against the Adlers, including breach of contract and misrepresentation that induced the owners of D&H to enter into a commercial transaction with the Adlers. The transaction involved various business sales agreements involving, inter alia, the sale of a business, the purchase of commercial real estate, and the lease of certain property. The parties represent that the factual basis of the complaint concerned the Adlers' alleged failure to disclose to D&H prior hazardous substance spills that had occurred on some of the subject property.

¶ 3.  D&H sought two forms of relief: contract damages and what the parties have termed "partial rescission." With respect to the latter, D&H asked the court to void all future payments owed pursuant to the

business sales agreements. The Adlers did not assert any counterclaims, and trial was scheduled to begin on September 30, 2003.

¶ 4.   On September 25, five days before trial, the Adlers filed their own separate action. Their complaint alleged that the parties had "entered into certain transactions relating to the sale of a business and lease of certain property" and that D&H had breached those agreements when it "failed to pay certain amounts due under those agreements." The payments due referred to the same amounts D&H had claimed were void in the first action. The first trial was adjourned for reasons irrelevant to this appeal.

¶ 5.   D&H moved to dismiss on November 27, asserting that the Adlers' claim in the new action fell within the common-law compulsory counterclaim rule because a favorable judgment in their pending action would be nullified if the Adlers prevailed in their own action. The Adlers maintained that they were entitled to bring an independent action because the compulsory rule was a narrow exception to Wisconsin's broad rule favoring permissive counterclaims. The exception did not apply, they stated, while both actions were still pending. In the alternative, the Adlers moved the court either to consolidate both actions or to grant them leave to amend their pleadings in the original suit to add their claims as counterclaims.

¶ 6.   The circuit court conducted a hearing on December 17 and ultimately dismissed the Adlers' action. The court gave two reasons for its decision. First, it found the complaint insufficient. At one point during the proceeding, the court stated:

It is, I think fairly if I were to describe it, a terse complaint. It does not incorporate by reference any other previously filed document, although because of

477

my awareness of the other action I assume that it alludes to it and because of counsels' reference to it in their briefs it alludes to it. However, it is devoid of any reference to dates as to actions.

It also characterized the complaint as "relatively vague."

¶ 7.   Second, the court agreed with D&H that the common-law counterclaim rule barred the Adlers from filing a new action. The circuit court found that although the 2000 action was in an inchoate state, "clearly the rub of the [2003] action filed on behalf of the Adlers is a repetition of matters that were already pled and raised in the [2000] matter." Given that (1) there had been "a format of this case which was cast in stone" and (2) the case would have proceeded to trial and been decided already had other delays unrelated to this case not removed it from the calendar, the court was "satisfied as a result in weighing the rule of the compulsory counterclaim that the basic premise behind it . . . to preserve . . . 'the integrity and finality of judgments and the litigants' reliance upon them' " required barring the Adlers' action in this case.

¶ 8.   The original language in the order dismissed "on the merits, and with prejudice," but the court deleted the "with prejudice" reference when it signed the order, after the Adlers objected to that language. The Adlers subsequently filed a motion for reconsideration of the dismissal "on the merits." They argued that the removal of "with prejudice" indicated the case had been dismissed "without prejudice" and therefore *not* on the merits. The circuit court disagreed, asserting that the import of its ruling was to dismiss on the merits and by implication with prejudice. The Adlers appeal from the order that dismissed their claims.

¶ 9.   We turn first to the circuit court's primary ground for dismissing the Adlers' suit, its determination that their claims fell within the common-law compulsory counterclaim rule notwithstanding Wisconsin's general permissive rule. The parties agree that Wisconsin generally does not require defendants to counterclaim in an action against them, instead favoring a policy that allows defendants, like plaintiffs, to assert their claims at the time and place of their choosing. *See A.B.C.G. Enters., Inc. v. First Bank Southeast, N.A.*, 184 Wis. 2d 465, 476, 515 N.W.2d 904 (1994); WIS. STAT. § 802.07(1) (2003–04).[1] WISCONSIN. STAT. § 802.07(1) reads in pertinent part:

> **(1)** COUNTERCLAIM. A defendant may counterclaim any claim which the defendant has against a plaintiff, upon which a judgment may be had in the action. A counterclaim may or may not diminish or defeat the recovery sought by the opposing party.

¶ 10.   The parties further agree that a common-law exception to that permissive rule nonetheless may bar some claims if the defendant attempts to bring them in a later action. They simply part company as to whether that exception applies to bar a second action while the original action remains pending. This issue presents a question of law that calls for our de novo review. *See Kimps v. Hill*, 200 Wis. 2d 1, 8, 546 N.W.2d 151 (1996) (proper scope of a common-law doctrine presented a question of law); *State v. Brandt*, 226 Wis. 2d 610, 618, 594 N.W.2d 759 (1999) (applying the

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

appropriate legal standard to a set of facts presents a question of law we review independently).

¶ 11.  Our supreme court in *A.B.C.G. Enterprises, Inc.*, recognized that this common-law rule placed a narrow limitation on Wisconsin's broad permissive counterclaim statute. *A.B.C.G. Enters., Inc.*, 184 Wis. 2d at 476–77. In *A.B.C.G. Enterprises, Inc.*, the defendant, First Bank, had brought six separate foreclosure actions against the plaintiff, all of which had resulted in default judgments in favor of First Bank. *Id.* at 471. The plaintiff subsequently brought its own action, alleging that several actions on the part of First Bank caused it to default and sought compensatory damages resulting from the foreclosure. *Id.* at 471–72. The supreme court held that "principles of res judicata preclude a defendant who may counterclaim in a prior action from bringing a subsequent action on the claim if the action would nullify the initial judgment or impair rights established in the initial action." *Id.* at 480. Upon concluding that a favorable judgment for the plaintiff would so undermine the previous judgments, the court upheld the summary judgment against the plaintiff. *See id.* at 482–84.

¶ 12.  The court's reasoning relied upon the common-law compulsory counterclaim rule as stated in the RESTATEMENT (SECOND) OF JUDGMENTS § 22(2)(b) (1982).[2] Section 22(2)(b) states in pertinent part:

> (2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, *after the rendition of judgment in that action,* from maintaining an action on the claim if:
>
>    . . . .

---

[2] All references to the RESTATEMENT (SECOND) OF JUDGMENTS are to the 1982 version unless noted otherwise.

(b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action *would* nullify the initial judgment or *would* impair rights *established* in the initial action.

(Emphases added.) *See also A.B.C.G. Enters., Inc.*, 184 Wis. 2d at 477 (quoting the RESTATEMENT).

¶ 13.   RESTATEMENT (SECOND) OF JUDGMENTS § 22 comment f, also extensively quoted by the court, explains that § 2(b) recognizes the need to preclude defendants —even in jurisdictions that do not generally make counterclaims compulsory—from bringing subsequent actions that "*would . . . plainly* operate to undermine the initial judgment." *See also A.B.C.G. Enters., Inc.*, 184 Wis. 2d at 477. According to the court, this rule protects "the integrity and finality of judgments and the litigants' reliance on them." *Id.* at 477. The RESTATEMENT states that it is not enough that the counterclaim arises from the same transaction as the original claim; the counterclaim must be such that "its successful prosecution . . . *would* nullify the judgment." RESTATEMENT (SECOND) OF JUDGMENTS § 22 cmt. f (emphasis added); *see also A.B.C.G. Enters., Inc.*, 184 Wis. 2d at 477–78.

¶ 14.   We further note that RESTATEMENT (SECOND) OF JUDGMENTS § 22 comment f elaborates when a second action would sufficiently undermine a prior judgment so as to render the plaintiff's claim a compulsory counterclaim. It cites as examples instances in which the second judgment would allow the party bringing the virtual counterclaim to enjoin enforcement of the first judgment, to upset property rights settled in the first action, or to recover on a restitution theory amounts the party paid pursuant to the first judgment. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 22 cmt. f. The comment emphasizes that

481

> [o]rdinarily, the conclusion that the subsequent action could not be maintained under Subsection (2)(b) would not be reached *unless the prior action had eventuated in a judgment for plaintiff* since *only in such a case* would there be the threat of nullification of the judgment or of impairment of rights to which the Subsection is addressed.

RESTATEMENT (SECOND) OF JUDGMENTS § 22 cmt. f (emphases added).

¶ 15.   Based on the foregoing, we conclude that the common-law exception requires a final judgment in the initial action. Both parties recognize the potential for inconsistent judgments, at least insofar as they agree that D&H's partial rescission remedy is inconsistent with the Adlers' breach of contract claim. However, we do not know whether D&H will prevail in the initial action. Thus, at this point it is clear only that the judgment for D&H in the first action *could* later be nullified by a judgment favorable to the Adlers in the second action, not that it *would* be so undermined if the Adlers succeed. At this point, it is premature to deem the Adlers' claims compulsory.

¶ 16.   D&H relies heavily on *Green Spring Farms v. Spring Green Farms Associates Ltd. Partnership,* 172 Wis. 2d 28, 492 N.W.2d 392 (Ct. App. 1992), for the proposition that no final judgment in the first-filed action is necessary. In *Green Spring Farms,* we held that because collateral estoppel would operate to bar the defendant from bringing his own independent action, he was compelled to raise his counterclaims in the instant suit in order to preserve them; thus, his assertion of those counterclaims in the circuit court did not waive his right to try them to a jury. *Id.* at 31. D&H

reads this case to mean "collateral estoppel principles render certain counterclaims compulsory."

¶ 17.   As we noted above, the common-law compulsory counterclaim exception focuses on whether a second judgment would nullify or otherwise impair an already existent judgment. Whether this nullification concept includes collateral estoppel principles is an issue we need not reach, however, because collateral estoppel also requires a final judgment, a circumstance not present in this case. *See State v. Kramsvogel*, 124 Wis. 2d 101, 121, 369 N.W.2d 145 (1985) (Collateral estoppel "means simply that when an issue of ultimate fact has once been determined *by a valid and final judgment,* that issue cannot again be litigated between the same parties in any future lawsuit." (Emphasis added.)). *Green Spring Farms* was no exception to this rule. The action had proceeded to judgment already. *See Green Spring Farms*, 172 Wis. 2d at 31. The defendant only appealed that judgment to the extent that it dismissed his counterclaims. *See id.*

¶ 18.   We next reach the insufficiency ground for dismissing the plaintiffs' suit. The Adlers did not appeal that basis for dismissal in their main brief. D&H urges that we can affirm the circuit court's order on that basis alone. They correctly state the general rule that we will consider abandoned any issues not raised on appeal. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998). Moreover, we agree that for purposes of this rule, a party does not adequately raise an issue when it does not raise that issue in the brief-in-chief. *Id.* at 491–92.

¶ 19. Although we acknowledge that we could deem the insufficiency ground waived, we will not do so. The waiver rule is purely administrative and does not affect our power to address an issue not raised in the briefs if we so choose. *Id.* at 493. Here we do choose to overlook the waiver. The dismissal here was *on the merits;* unless this disposition was proper, our failure to review would unnecessarily leave the Adlers without a forum in which to litigate their controversy.

¶ 20. The sufficiency of a complaint presents a question of law mandating our de novo review. *Green v. Heritage Mut. Ins. Co.*, 2002 WI App 297, ¶ 10, 258 Wis. 2d 843, 655 N.W.2d 147, *review denied,* 2003 WI 16, 259 Wis. 2d 101, 657 N.W.2d 707 (No. 01–2778). Wisconsin is a notice-pleading state. *Id.,* ¶ 19. Thus, in reviewing the complaint's sufficiency, we examine whether it contains sufficient details to give the defendant and the court a fair idea of what the plaintiff is complaining about. *Id.* Although we construe the pleadings liberally, we look only at the four corners of the complaint. *Heinritz v. Lawrence Univ.*, 194 Wis. 2d 606, 610–11, 614, 535 N.W.2d 81 (Ct. App. 1995).

¶ 21. We agree with the circuit court that this complaint was clearly lacking. It refers to "certain transactions" involving the sale of a business and lease of "certain property" for which D&H allegedly owes the Adlers "certain amounts due." This information simply does not suffice to reasonably inform a defendant or a court what transactions or amounts are at issue. We do not buy the Adlers' contention, before the circuit court and at oral argument in this court, that given the context of this case—i.e., the transactions at issue were

already being litigated in the 2000 action and had been for years—the defendants should have known what they were talking about. The transactions and amounts at issue must be ascertainable from the *four corners of the complaint.* As the circuit court noted:

> It is, I think fairly if I were to describe it, a terse complaint. It does not incorporate by reference any other previously filed document, although *because of my awareness of the other action I assume* that it alludes to it and *because of counsels' reference to it in their briefs it alludes to it.* However, it is *devoid of any reference to dates* as to actions. (Emphases added.)

Clearly, the circuit court was being asked to go outside the four corners of the complaint in order to ascertain what transactions and amounts were at issue. For the reasons just stated, we agree that the circuit court was justified in dismissing the complaint for lack of sufficiency.

¶ 22.  Nonetheless, a dismissal *on the merits* was clearly improper. *See Town of Iron River v. Bayfield County*, 106 Wis. 587, 591, 82 N.W. 559 (1900) (stating that the judgment appealed from was "merely an adjudication of the insufficiency of the complaint; that it decides none of the merits"); *Taylor v. Matteson*, 86 Wis. 113, 122–23, 56 N.W. 829 (1893). *But see O'Brien v. Hessman*, 16 Wis. 2d 455, 459, 114 N.W.2d 834 (1962) (dismissal on merits may be entered if plaintiff fails to replead). The case should have been dismissed without prejudice with an opportunity for the Adlers to plead over. *See Taylor*, 86 Wis. at 122. We recognize that, given the circuit court's dismissal on the merits due to the compulsory counterclaim issue, dismissal without prejudice due to an insufficient complaint would have

485

been senseless. Still, in light of the result in this appeal, the dismissal on the merits must now be remedied.

¶ 23.  That said, we conclude that, at this stage, dismissing the case would simply waste time. Rather than remanding with directions that the case be dismissed without prejudice with leave to allow the Adlers to start a new action, we hold that the Adlers may simply submit amended pleadings that will, we hope, remedy the defect. Further, to avoid a race to judgment between the original action and the second action, an outcome which we view as abhorrent to our system of justice, we order that the circuit court hold the second action in abeyance until the original action reaches final judgment. We note that, at oral argument, counsel for the Adlers explicitly voiced no objection to our authority to so order if we deemed it advisable.

¶ 24.  D&H has expressed concern that because numerous contract provisions are in dispute and the two cases might end up being tried to different juries, it may not be clear exactly to what extent the successful prosecution of the second action would conflict with the first judgment. However, there is nothing theoretically difficult about comparing a judgment in the first case to the complaint in a later action. D&H's concerns are largely logistical matters. It may work out with the circuit court in the original action appropriate means to ensure that the judgment clearly reflects the issues decided.

¶ 25.  We reverse the circuit court's order dismissing the complaint. Given that the 2000 action has not resulted in final judgment in D&H's favor, it is simply premature to conclude that the common-law compulsory counterclaim rule required the Adlers to assert their claims as counterclaims in the original suit. We

agree that the complaint was insufficient, but the dismissal on the merits was inappropriate. Moreover, given that our holding would normally allow the Adlers to draft a new complaint were we to affirm dismissal based on this one, judicial economy favors simply allowing the Adlers to amend their pleadings. In order to avoid a race to the courthouse, however, we instruct the circuit court to accept new pleadings and to stay this action pending the outcome of the original suit.

*By the Court.*—Order reversed and cause remanded with directions.