CLEAR CHANNEL OUTDOOR, INC., Plaintiff-Appellant,†

LAMAR CENTRAL OUTDOOR, LLC,
Plaintiff-Co-Appellant,

v.

CITY OF MILWAUKEE and City of Milwaukee Board
of Assessors, Defendants-Respondents.

Court of Appeals

*No. 2010AP1809. Submitted on briefs June 23, 2011.
—Decided July 26, 2011.*

2011 WI App 117

(Also reported in 805 N.W.2d 582.)

† Petition for Review.

On behalf of the plaintiff-appellant Clear Channel Outdoor, Inc., the cause was submitted on the briefs of *Robert L. Gordon, Alan Marcuvitz, Andrea H. Roschke* of *Michael Best & B Friedrich LLP*, Milwaukee.

On behalf of the plaintiff-co-appellant Lamar Central Outdoor, LLC, the cause was submitted on the briefs of *Thomas S. Hornig* and *Kraig A. Byron* of *von Briesen & Roper, S.C.*, Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Amy R. Siebel* of *Seibel Law Offices LLC*, Mequon and *Grant F. Langley*, city attorney and *Vincent D. Moschella*, deputy city attorney of Milwaukee.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. FINE, J. Clear Channel Outdoor, Inc., and Lamar Central Outdoor, Inc., appeal the circuit court's dismissal of their declaratory-judgment complaints seeking to overturn the City of Milwaukee's assessment

of billboards they own.[1] The circuit court dismissed the complaints without prejudice because Clear Channel and Lamar did not exhaust what it determined were required administrative remedies. We affirm.

## I.

¶ 2. In assessing whether a complaint passes muster, courts must accept as true the pleading's assertions of fact but not its conclusions of law. *See Morgan v. Pennsylvania General Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979); *Horlick v. Swoboda*, 221 Wis. 373, 378, 267 N.W. 38, 40 (1936) ("It is elementary that on demurrer the allegations of a complaint which plead ultimate facts, not conclusions of law, must be considered as true."). Further, our analysis is limited to the four corners of the complaint. *See Adler v. D & H Industries, Inc.*, 2005 WI App 43, ¶ 20, 279 Wis. 2d 472, 484, 694 N.W.2d 480, 485. Normally, of course, appellate review is *de novo. Wausau Tile, Inc. v. County Concrete Corp.*, 226 Wis. 2d 235, 245, 593 N.W.2d 445, 450 (1999). The scope of our review, however, is different where, as here, the circuit court dismisses complaints because it determines that the plaintiffs have not exhausted required administrative remedies; we then defer to the circuit court's exercise of discretion so long as the circuit court applied a correct legal theory. *See St. Croix Valley Home Builders Ass'n, Inc. v. Township of Oak Grove*, 2010 WI App 96, ¶ 10 & n.5, 327 Wis. 2d 510, 516–517 & n.5, 787 N.W.2d 454, 458 & n.5 ("[C]ircuit

---

[1] The circuit court permitted Lamar to intervene in Clear Channel's declaratory-judgment action. Lamar later filed an amended complaint. This opinion references the parties' operative pleadings.

courts exercise discretion when determining whether to apply the exhaustion doctrine.").[2] This is consistent with the general rule that a circuit court has discretion whether to grant or deny a declaratory judgment. *See* Wis. Stat. Rule 806.04(6); *State ex rel. Lynch v. Conta,* 71 Wis. 2d 662, 668, 239 N.W.2d 313, 322 (1976), *superseded by statute on other grounds, see State ex rel. Leung v. City of Lake Geneva,* 2003 WI App 129, ¶ 5, 265 Wis. 2d 674, 678, 666 N.W.2d 104, 106.

¶ 3. The complaints here are prolix, and before we turn to them and the parties' arguments, we set out the applicable law against which the circuit court's exercise of discretion must be gauged.

### A. Taxation of billboards.

¶ 4. The crux of Clear Channel's and Lamar's complaints is that the City of Milwaukee improperly assessed their advertising billboards. Some of the Clear

---

[2] Lamar argues that *St. Croix Valley Home Builders Ass'n, Inc. v. Township of Oak Grove,* 2010 WI App 96, 327 Wis. 2d 510, 787 N.W.2d 454, decided "incorrectly" that appellate courts owe circuit courts deference in connection with exhaustion-of-administrative-remedies decisions. We are bound, however, by *St. Croix Valley Home Builders. See Cook v. Cook,* 208 Wis. 2d 166, 185–190, 560 N.W.2d 246, 254–256 (1997) (court of appeals bound by published decisions of the court of appeals). Lamar also contends that the circuit court did not "conduct any exhaustion analysis" and deference is thus not appropriate. We disagree. The circuit court in its relatively brief oral decision opined: "This court feels and I believe the statutes require that I give that Board [of Review] a chance to do its work." Later in its oral decision the circuit court explained, albeit in a short-hand way: "I do think under *Hermann* it has to go back before the Board of Review first." We discuss *Hermann v. Town of Delavan,* 215 Wis. 2d 370, 572 N.W.2d 855 (1998), in the body of this opinion.

Channel and Lamar billboards are on land they own, but most of the billboards are, apparently, on land owned by others.

¶ 5. Taxation and assessment of property is governed by statute, *Paul v. Town of Greenfield*, 202 Wis. 257, 260, 232 N.W. 770, 772 (1930), and the sweep is expansive. First, "[t]axes shall be levied, under this chapter, upon all general property in this state except property that is exempt from taxation." WIS. STAT. § 70.01. Second, "[g]eneral property is all the taxable real and personal property defined in ss. 70.03 and 70.04," with exceptions not material here. WIS. STAT. § 70.02. Third, " '[r]eal property,' " as material here, "include[s] not only the land itself but all buildings and improvements thereon, and all fixtures and rights and privileges appertaining thereto." WIS. STAT. § 70.03. Fourth, " 'personal property' " as material here, "include[s] all goods, wares, merchandise, chattels, and effects, of any nature or description, having any real or marketable value, and not included in the term 'real property,' as defined in s. 70.03." WIS. STAT. § 70.04.

■■

¶ 6. There are three components of value associated with a billboard: (1) the structure, (2) the land on which the structure sits, and (3) the permit that allows the structure to sit on that land. *See Vivid, Inc. v. Fiedler*, 219 Wis. 2d 764, 781, 580 N.W.2d 644, 650 (1998) (interest in billboard includes the "sign structure," the "leasehold value," and the "value of the location") (lead opinion by Bablitch, J., on behalf of three justices, not disputed by the concurring opinion by Bradley, J., on behalf of four justices); *see also Adams Outdoor Advertising, Ltd. v. City of Madison*, 2006 WI 104, ¶ 6 n.5, ¶ 84, 294 Wis. 2d 441, 450–451 n.5, 480, 717 N.W.2d 803, 808 n.5, 822 (A "significant amount of

[a billboard's] value inheres in a permit.") ("The primary value of the permits is unrelated to the structures; rather, the primary value of the permits appertains to the location of the underlying real estate."). Although the billboard structure is "taxed as personal property," *id.*, 2006 WI 104, ¶ 31, 294 Wis. 2d at 458, 717 N.W.2d at 811, billboard *permits* are taxed as real property, *id.*, 2006 WI 104, ¶ 3, 294 Wis. 2d at 449, 717 N.W.2d at 807 ("Billboard permits are not tangible personal property. For property tax purposes, billboard permits constitute an interest in real property, as defined by WIS. STAT. § 70.03."). Land, of course, is taxed as realty. *See* § 73.03.

B. *Exhaustion of administrative remedies by a taxpayer challenging a tax assessment.*

¶ 7. The City argues, and the circuit court agreed, that a taxpayer asserting the type of tax-assessment challenges made by Clear Channel and Lamar here must first take their contentions to the Board of Review. Two statutes say this: one applicable to cities other than Milwaukee, WIS. STAT. § 70.47(7)(a), the other applicable to the City of Milwaukee, WIS. STAT. § 70.47(16)(a). As material, § 70.47(7)(a) provides:

> *No person shall be allowed in any action or proceedings to question the amount or valuation of property unless such written objection has been filed* and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all of that person's property liable to assessment in such district and the value thereof. The requirement that it be in writing may be waived by express action of the board.

(Emphasis added.) Section 70.47(7)(a) is substantially identical to what is for our purposes the material part of WIS. STAT. § 70.47(16)(a):

> In 1st class cities all objections to the amount or valuation of real or personal property shall be first made in writing and filed with the commissioner of assessments on or before the 3rd Monday in May. *No person may, in any action or proceeding, question the amount or valuation of real or personal property in the assessment rolls of the city unless objections have been so filed.*

(Emphasis added.) Although the exhaustion-of-remedies provision in § 70.47(16)(a) applies here, the parties routinely refer to § 70.47(7)(a), and, therefore, so do we. Although parts of § 70.47(16) were struck by *Metropolitan Associates v. City of Milwaukee*, 2011 WI 20, ¶¶ 77–81, 332 Wis. 2d 85, 122–124, 796 N.W.2d 717, 735–736, none of the parties contend that *Metropolitan Associates* affects this case.

¶ 8. The phrase "amount or valuation" of property has two aspects: (1) the "amount" of the property subject to taxation (for example, whether part but not all of the property is exempt by statute, *see, e.g.,* WIS. STAT. § 70.1105(1)), and (2) the "valuation" of the property that may be taxed. Both Clear Channel and Lamar at times use the words "amount" and "valuation" interchangeably. This makes one of the words surplusage and violates well-established principles of statutory interpretation. *See Donaldson v. State*, 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980) ("A statute should be construed so that no word or clause shall be rendered surplusage and every word if possible should be given effect.").

¶ 9. The key then is whether Clear Channel's and Lamar's declaratory-judgment complaints "question the

amount or valuation of" their property taxed by the City. If they do, Clear Channel and Lamar must first, as the circuit court held, take their beefs to the Board of Review. *Hermann v. Town of Delavan*, 215 Wis. 2d 370, 572 N.W.2d 855 (1998), sets out the controlling law.

¶ 10. In *Hermann*, real-property taxpayers brought an action under WIS. STAT. § 893.80 (claims against governmental bodies or officers) contending that the Town of Delavan's assessment of lakefront and non-lakefront property violated the Wisconsin Constitution's Uniformity Clause, WIS. CONST. art. VIII, § 1.[3] *Hermann*, 215 Wis. 2d at 376–377, 572 N.W.2d at 857. Most of the taxpayers joining in the declaratory-judgment action did not first seek redress from the Town of Delavan Board of Review, *see* WIS. STAT. § 70.47(7)(a), and those who first took their complaints to the Board of Review did not appeal any adverse determination. *Hermann*, 215 Wis. 2d at 377 n.3, 572 N.W.2d at 857 n.3. *Hermann* held that this was fatal to the taxpayers' circuit-court complaints, *id.*, 215 Wis. 2d at 394, 572 N.W.2d at 864, because the assessing authority's action was merely "voidable" and not "void *ab initio*," as it would be if: (1) taxes were levied on property outside the taxing district, or (2) taxes were levied on property statutorily exempt from taxation, *id.*, 215 Wis. 2d at 390–391, 572 N.W.2d at 862–863. If " 'statutory or charter provisions have not been complied with' " by " 'the taxing district,' " the assessments would be merely " 'voidable' " (not " 'void *ab initio*'") and the taxpayers would have to first exhaust their administrative remedies before the Board of Review pursuant

---

[3] As material, WIS. CONST. art. VIII, § 1 provides: "The rule of taxation shall be uniform but the legislature may empower cities, villages or towns to collect and return taxes on real estate located therein by optional methods."

716

to § 70.47(7)(a). *Hermann*, 215 Wis. 2d at 391, 572 N.W.2d at 862–863 (quoted source omitted).

¶ 11. We now turn to Clear Channel's and Lamar's respective arguments, which are generally congruent. Thus, Lamar tells us in its main brief on this appeal that it and Clear Channel are "similarly situated." Accordingly, what we say about the arguments of one applies to the same arguments made by the other.

## II.

### A. *Clear Channel.*

■

¶ 12. Clear Channel's complaint sought a declaration that the City's real-estate property-tax assessments in connection with Clear Channel's billboards in the City "were without legal authority and were therefore void." It sought to enjoin the City and the City's Board of Assessors "from implementing the assessments" and "from seeking to collect any tax" from Clear Channel based on those assessments. Its complaint asserts that although the City taxed Clear Channel's billboards as personal property before 2009, the City in 2009 reduced the personal-property tax on the billboards to zero and taxed the billboards as realty. This is how Clear Channel's complaint describes it: "Between August 26, 2009 and October 28, 2009, the Board of Assessors issued 819 notices of determination" to Clear Channel. "Each of the 819 Notices contains a newly created tax key identification number allegedly identifying a unique, separate parcel of real estate within the City."

¶ 13. The core of Clear Channel's argument that the circuit court was wrong in holding that Clear Channel had to first exhaust its remedies is that Clear

Channel says that it is not objecting to "valuation" as that word is used in either Wɪs. Sᴛᴀᴛ. § 70.47(7)(a) or Wɪs. Sᴛᴀᴛ. § 70.47(16)(a) but, rather, Clear Channel contends that the Board did not have authority to issue real-property tax-key numbers for the billboards and tax them as realty. We address Clear Channel's arguments as it makes them in its brief.[4]

¶ 14. Although, as noted, Clear Channel argues that it is not disputing "value," the crux of its objection is that the decision to tax the billboards as realty rather than as personalty re-arranged the tax metrics—in the words of Wɪs. Sᴛᴀᴛ. § 70.47(7)(a) and Wɪs. Sᴛᴀᴛ. § 70.47(16)(a), both the "amount" of the property subject to taxation, and the "valuation" of that property. This is how Clear Channel puts it in its main brief on this appeal: "Nowhere in § 70.47 or elsewhere has the Legislature given a board of review jurisdiction to consider the underlying legal validity of any assessment, or the validity of actions taken by a municipality which are not directly tied to determining the *value* of a specific parcel or parcels." (Emphasis by Clear Channel.) But, of course, the decision to implement *Adams Outdoor Advertising* by assessing the permit-value component of the billboards as realty *is* "directly tied to determining" "amount or valuation," if, in fact, this is what the City did. *See Hermann*, 215 Wis. 2d at 378, 572 N.W.2d at 857 ("The taxpayers' current claim, although based on a uniformity clause challenge, is an action that inherently questions the valuation of certain property assessed for real property taxation."). Just as *Hermann* held that the constitutional challenge

---

[4] We only address arguments that are briefed. *See Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981).

there had to be first addressed by the Board of Review, whether the City correctly determined the "amount or valuation" metric of the permit aspect of Clear Channel's billboards, and correctly enfolded that value in the taxed property must be first addressed by the Board of Review and not initially in a court. If the City incorrectly assessed Clear Channel's (or Lamar's) billboards, the Board of Review can set it right. *See* WIS. STAT. § 70.47(9)(a) ("From the evidence before it the board shall determine *whether the assessor's assessment is correct.* If the assessment is too high or too low, the board shall raise or lower the assessment accordingly and shall state on the record the correct assessment and that that assessment is reasonable in light of all of the relevant evidence that the board received.") (emphasis added). The word "correct" is broad enough to encompass all alleged errors that affect the assessment, including whether any assessment is "too high" because it should be zero.

■■

¶ 15. As we have seen, *Hermann* makes clear that exhaustion before the Board of Review is required unless the property taxed is " 'exempt or lies outside of the taxing district.' " *Hermann*, 215 Wis. 2d at 390–391, 572 N.W.2d at 862 (quoted source omitted). Nothing in Clear Channel's complaint alleges that the billboards that are the subject of this appeal are either statutorily exempt from taxation or not in the City. Rather, Clear Channel asserts that the City's assessment process was flawed and unconstitutional. If true, this would make the levy merely "voidable," *not* "void *ab initio*," *see id.*, 215 Wis. 2d at 390–391, 572 N.W.2d at 862–863, and, as we have already seen, alleged irregularities that make a levy "voidable" must be first presented to the Board of Review, *id.*, 215 Wis. 2d at 391, 572 N.W.2d at 863; *see*

*also id.*, 215 Wis. 2d at 382, 572 N.W.2d at 859. ("The language [in WIS. STAT. § 70.47(7)(a)] is without qualification or limitation as to the theory upon which such action or proceeding is based, the number of persons raising such objection, or the form of relief sought.").

¶ 16. Although *Hermann* based its exhaustion-of-administrative-remedies ruling on WIS. STAT. § 70.47(7)(a), *Hermann* also assessed the public-policy reasons that require the exhaustion of administrative remedies:

> The taxpayers' arguments also fail under public policy considerations. If owners of taxable property could neglect to assert their rights before the board of review and then be heard to litigate questions of value in court, the administration of the municipal tax laws would be seriously hampered. A statutory plan of tax assessment, tax levying, and tax collection needs to have established procedures and time limits for effective governmental planning. The administrative procedures, appellate process, and time limitations of chs. 70 and 74 serve as procedural safeguards against municipalities having to undertake comprehensive reassessments long after the books have been closed for a given tax year.

*Hermann*, 215 Wis. 2d at 392–393, 572 N.W.2d at 863. This rationale applies here as well.

██ ██

¶ 17. In an attempt to distinguish *Hermann*, Clear Channel points to the City's decision to no longer tax the billboards as personalty but as realty, and to the City's issuance of new tax-key numbers for the billboards. Clear Channel claims, without a developed explanation, that the City does not have "authority to levy taxes" for each of the separate parcels identified by the new tax-key numbers because Clear Channel claims

that although it owns the billboards and permits (and some of the land on which the billboards sit) it does not own the newly described parcels. It also claims in its brief, without further explanation, that the City's issuance of the new tax-key numbers in connection with the billboard parcels was not done "under any method legally recognized in Wisconsin; that the City's actions in creating those alleged parcels violated the long-settled unitary rule of taxation and the equally settled prohibition on double taxation of the same property." Clear Channel also argues, again without a developed explanation, that the City "violated the Equal Protection clauses of the United States and Wisconsin Constitutions, and the Uniformity Clause of the Wisconsin Constitution." We do not, of course, consider arguments that are not sufficiently developed. *See League of Women Voters v. Madison Community Foundation*, 2005 WI App 239, ¶ 19, 288 Wis. 2d 128, 140, 707 N.W.2d 285, 291; *Vesely v. Security First National Bank of Sheboygan Trust Dep't*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985). As noted, on a motion to dismiss only facts asserted in a complaint are accepted as true; legal conclusions are not. When a complaint claims that a defendant has violated the plaintiff's statutory or constitutional rights, a plaintiff seeking to avoid dismissal must fully develop in its briefs a legal analysis to support its contentions; "To simply label an alleged procedural error as a constitutional want of due process does not make it so." *State v. Schlise*, 86 Wis. 2d 26, 29, 271 N.W.2d 619, 620 (1978). Conclusory and undeveloped assertions do not suffice to undercut *Hermann*. As we have seen, Clear Channel admits that: (1) it owns the billboards, (2) the billboards are physically in the City, and (3) Clear Channel previously paid personal-property taxes levied on the

billboards. These concessions combined with *Adams Outdoor Advertising*'s holding mean that billboard permits must be taxed as realty; *how* the levied taxes should be apportioned between the billboards' physical structure, the underlying land, and the billboard permits, goes to the heart of the "amount or valuation" of property as that phrase is used in both WIS. STAT. § 70.47(7)(a) and WIS. STAT. § 70.47(16)(a), as well as in *Hermann.*

B. *Lamar.*

■ ■

¶ 18. Lamar's amended declaratory-judgment complaint essentially tracks Clear Channel's complaint, and our decision in the Clear Channel part of this opinion applies to those of Lamar's arguments that duplicate those made by Clear Channel. In addition, Lamar asserts that the global-positioning coordinates used by the City to identify Lamar's billboards "do not describe or identify a billboard location maintained by Lamar," and that the City thus taxed Lamar improperly for those billboards. Lamar's amended complaint also contends that the billboard assessments were invalid because they violated a City ordinance governing the "division of land within the city." As with Clear Channel's contentions, however, Lamar's arguments boil down to Lamar's complaint about how the City apportioned the three aspects of billboard value we discussed earlier: the structure, the land on which the structure sits, and the permit. Thus, despite the various phrasings of its claims, Lamar's claims reduce to a contention that the City erred in determining "the amount or valuation" of property. *See Strid v. Converse*, 111 Wis. 2d 418, 422–423, 331 N.W.2d 350, 353 (1983) (a

complaint's operative facts govern, not its legal theory). Accordingly, as we explained in connection with Clear Channel's complaint, contentions that the City used improper, flawed, or illegal methods to assess its billboards, are not enough to avoid WIS. STAT. § 70.47(7)(a)'s exhaustion mandate because Lamar does not allege that the taxed property is either statutorily " 'exempt or lies outside of the taxing district.' " *See Hermann*, 215 Wis. 2d at 390–391, 572 N.W.2d at 862 (quoted source omitted). Further, Lamar's assertions that it was taxed on property that it does not own also do not negate the exhaustion requirement in § 70.47(7)(a) or WIS. STAT. § 70.47(16)(a) because Lamar's claim is based on its contention that the City did not correctly identify Lamar's billboards (on which Lamar previously paid personal property taxes) and thus concerns the "amount" of Lamar's property in the City that can be taxed. The Board of Review has the specific duty to "carefully examine the roll or rolls and *correct all apparent errors in description.*" WIS. STAT. § 70.47(6) (emphasis added).

## III.

¶ 19. Despite Clear Channel's and Lamar's attempt to blur the exhaustion-of-administrative-remedies issue with extensive citation to cases that either pre-date *Hermann* or are not on point, *no case* has either overruled or limited *Hermann. Hermann* and its clear delineation of the limited area in tax-assessment cases where a taxpayer need not first exhaust its administrative remedies is thus dispositive and binding. *See Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶ 58, 324 Wis. 2d 325, 350, 782 N.W.2d 682, 694 ("[T]he court of appeals may not dismiss a statement from an opinion by [the supreme] court by concluding that it is *dictum.*") (emphasis added); *State v. Holt*, 128

Wis. 2d 110, 123, 382 N.W.2d 679, 686 (Ct. App. 1985), *superseded by statute on other grounds* ("When an appellate court intentionally takes up, discusses and decides a question germane to a controversy, such a decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision."). Thus, we cannot say that the circuit court erroneously exercised its discretion in applying *Hermann* to dismiss without prejudice Clear Channel's and Lamar's declaratory-judgment complaints pending the exhaustion of their administrative remedies. Moreover, we would affirm the circuit court even if our review were *de novo.*

*By the Court.*—Order affirmed.