# COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 8, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1571-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2014CF3435

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

VICTOR YANCEY, JR.,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Victor Yancey, Jr., *pro se*, appeals from a judgment convicting him of possession of heroin and possession of cocaine, both as a second or subsequent offense, and an order denying his motion for postconviction relief. For the reasons discussed below, we conclude that the circuit court properly denied his postconviction motion without a hearing.

## BACKGROUND

¶2 On July 31, 2014, Milwaukee Police Officers executed a search warrant for suspected drug activity at a residence. Police saw a man, later identified as Yancey, throw a clear plastic baggy of suspected heroin and cocaine from the residence's porch. Field testing indicated that the plastic baggie contained eleven corner cuts containing a total of 0.96 grams of heroin and eight corner cuts containing a total of 0.69 grams of cocaine. Yancey was charged with possession of heroin with intent to deliver and possession of cocaine with intent to deliver, both as a party to a crime and as a second or subsequent offense. Later, the State added a charge of keeping a drug house, as a party to a crime, as a second or subsequent offense.

¶3 The case proceeded to trial. Yancey, who represented himself with standby counsel, argued that the police did not find drugs when they executed the search warrant on July 31, 2014, but returned the next day, "staged the scene," and made up a story that Yancey was on the porch.

¶4 The jury found Yancey guilty of the lesser included offenses of possession of heroin and possession of cocaine. The jury did not reach a verdict on the charge of maintaining a drug house, so the circuit court dismissed that charge on the State's motion.

¶5     Yancey moved for postconviction relief.  His motion asserted that his right to confrontation was violated and that the circuit court erred in multiple respects, including denying his request for a missing witness jury instruction, not allowing him to present testimony from an expert witness, not holding a ***Daubert*** hearing,[1] and denying various motions he made during trial.  In addition, Yancey's motion asserted that the prosecutor engaged in misconduct.

¶6     The circuit court ordered briefing.  After the completion of briefing, the circuit court issued a written decision denying Yancey's motion for postconviction relief without a hearing.  Yancey now appeals.  Additional relevant facts are referenced below.

### DISCUSSION

¶7     On appeal, Yancey contends that the circuit court erroneously denied his postconviction motion without an evidentiary hearing.

¶8     When evaluating whether a defendant is entitled to an evidentiary hearing, we independently determine "whether the motion on its face alleges sufficient material facts that, if true, would entitle the defendant to relief." ***State v. Ruffin***, 2022 WI 34, ¶27, 401 Wis. 2d 619, 974 N.W.2d 432.  "Whether the record conclusively demonstrates that the defendant is entitled to no relief is also a question of law we review independently." ***State v. Spencer***, 2022 WI 56, ¶23, 403 Wis. 2d 86, 976 N.W.2d 383 (citations omitted).  "If the motion does not raise facts sufficient to entitle the defendant to relief, or if it presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not

---

[1] ***Daubert v. Merrell Dow Pharms., Inc.***, 509 U.S. 579 (1993).

3

entitled to relief, the circuit court has the discretion to grant or deny a hearing." *Ruffin*, 401 Wis. 2d 619, ¶28.

¶9 In this case, we conclude that the circuit court properly denied Yancey's postconviction motion without a hearing. Below, we address each of Yancey's individual claims to the extent that we can discern them.[2]

### I.    Non-Testifying Witnesses

### A.  Scene Photographer

¶10 In his postconviction motion, Yancey asserted that his right to confrontation was violated when Officer Frank Vrtochnick, who photographed the scene, did not testify at trial.[3] On appeal, Yancey appears to renew this claim.

¶11 The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him[.]" U.S. CONST. amend. VI; *see also* WIS. CONST. art. I, § 7. A defendant's right to confrontation is violated if the circuit court "receives into evidence out-of-court statements by someone who does not testify at the trial if those statements are 'testimonial' and the defendant has not had 'a prior opportunity' to cross-examine the out-of-court

---

[2] We note that Yancey's postconviction motion and briefs to this court are, at times, confusing and undeveloped. While courts may afford some leniency to *pro se* litigants, we will not develop arguments for the parties. *See State v. Romero-Georgana*, 2014 WI 83, ¶69, 360 Wis. 2d 522, 849 N.W.2d 668; *Clear Channel Outdoor, Inc. v. City of Milwaukee*, 2017 WI App 15, ¶28, 374 Wis. 2d 348, 893 N.W.2d 24.

[3] According to the State, Officer Vrtochnick was involved in a duty-related accident, and was on medical leave.

declarant." ***State v. Mattox***, 2017 WI 9, ¶24, 373 Wis. 2d 122, 890 N.W.2d 256 (citing ***Crawford v. Washington***, 541 U.S. 36, 68 (2004)).

¶12   When denying Yancey's postconviction motion, the circuit court did not address Yancey's claim regarding Officer Vrtochnick. Yancey, however, is not entitled to relief on this claim. As the State observes, Yancey does not point to any out-of-court statements by Officer Vrtochnick that were admitted at trial. *See Mattox*, 373 Wis. 2d 122, ¶24. While the court admitted photographs of the scene and the drugs Yancey threw off the porch, the photographs in this case were not statements. *See* WIS. STAT. § 908.01(1) (2020-21) (defining a "statement" as "an oral or written assertion" or "nonverbal conduct of a person, if it is intended by the person as an assertion").[4] Further, to the extent that Yancey is asserting that he was entitled to have Officer Vrtochnick testify, Yancey does not contend that he subpoenaed him. Thus, we are not persuaded that Yancey is entitled to an evidentiary hearing on this claim.

### B. Lab Analyst

¶13   In his postconviction motion, Yancey also asserted that he was denied the right to confront Te'ree Warren, a controlled substance analyst, who tested the recovered substances at the Wisconsin State Crime Laboratory. Prior to Yancey's trial, Warren left employment with the Wisconsin State Crime Laboratory to work for a crime laboratory in Fort Worth, Texas. Sandra Koresch, a controlled substances analyst and bureau technical unit leader at the Wisconsin State Crime Laboratory testified in Warren's place. In particular, Koresch

---

[4] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

testified that she peer reviewed the tests that Warren had conducted and reached her own conclusion that the substances were heroin and cocaine. Warren's lab reports were not admitted into evidence.

¶14 In denying Yancey's confrontation claim, the circuit court relied on *State v. Williams*, 2002 WI 58, ¶4, 253 Wis. 2d 99, 644 N.W.2d 919, which, like this case, involved Koresch as a reviewing expert. In *Williams*, during trial, the State introduced a crime lab report confirming that a jacket recovered near the defendant contained cocaine. *Id.*, ¶¶3-4. The analyst who performed the underlying tests was unable to testify, and the State presented testimony from Koresch, who had peer reviewed the tests. *Id.*, ¶4. On appeal, our supreme court rejected the defendant's argument that his right to confrontation was violated by Koresch's testimony. *Id.*, ¶2. The court stated that "[g]iven Koresch's qualifications and experience, her close connections to the tests and procedures implicating [the defendant], and her expert opinion that the tested substance contained cocaine," the defendant's right to confrontation was not violated. *Id.*, ¶¶20, 26.

¶15 Based on *Williams*, the circuit court found that Yancey's right to confrontation was not violated when Koresch, rather than Warren, testified in part based on the crime lab reports containing the lab test results. The circuit court observed that Koresch "was a highly qualified witness with [twenty-five] years of experience as a controlled substance analyst at the State Crime Lab," "was familiar with the procedures for testing and peer review," "reviewed the notes and data generated by the testing analyst," and "rendered her own opinion that the substances were heroin and cocaine."

¶16 On appeal, Yancey does not appear to contest the circuit court's application of *Williams*. As a result, we do not address whether Yancey's right to confrontation was violated by Koresch's testimony. *See Adler v. D & H Indus., Inc.*, 2005 WI App 43, ¶18, 279 Wis. 2d 472, 694 N.W.2d 480 (stating that a party "does not adequately raise an issue when it does not raise that issue in the brief-in-chief").

¶17 Rather, Yancey appears to contend that Warren left the Wisconsin State Crime Laboratory in 2014 before the drugs were tested; Warren did not go to a crime laboratory in Fort Worth, Texas because there are no labs in Fort Worth; and Koresch did not peer review the drug tests because one of the lab reports has no initials and the other has the initials S.M. rather than S.K.

¶18 These claims, however, are refuted by the record. The record contains a resignation letter from Warren to the Wisconsin State Crime Laboratory, dated January 23, 2015, stating that she accepted a job with the City of Fort Worth Police Department Crime Lab, and that her last "physical date of employment" was to be February 6, 2015. Yancey does not provide any evidence establishing that Warren left the Wisconsin State Crime Laboratory prior to her asserted date of resignation or that she did not go to a crime laboratory in Texas.

¶19 Koresch also specifically testified that she peer reviewed Warren's work and initialed the lab report of the cocaine. As the circuit court recognized, the fact that the initials are difficult to read does not mean that they are the initials "S.M." rather than "S.K." Additionally, the lack of initials on the lab report for the heroin does not mean that Koresch did not peer review the testing.

¶20 Relatedly, Yancey contends that he was blindsided by Koresch's testimony and he did not know what she was going to testify to until the middle of

the trial. As the circuit court recognized, Yancey and his standby counsel had notice that Koresch might testify and that she was going to testify consistent with the reports Warren had prepared and Koresch had peer reviewed. Further, the circuit court concluded that if Koresch testified to anything other than what the State provided to the defense in the lab reports, it would exclude her testimony. Yancey does not make an argument that the circuit court erroneously exercised its discretion when it admitted Koresch's testimony.

¶21    In addition, Yancey contends that the circuit court should have held a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), with respect to Koresch. The purpose of a *Daubert* hearing is to determine whether an "expert's opinion is based on a reliable foundation and is relevant to the material issues." *State v. Giese*, 2014 WI App 92, ¶18, 356 Wis. 2d 796, 854 N.W.2d 687 (citing *Daubert*, 509 U.S. at 589 n.7). Yancey did not, however, request a *Daubert* hearing to determine the expert qualifications of Koresch or her methods.[5] Thus, we conclude that Yancey is not entitled to a hearing on his claims with respect to Warren or Koresch.

## II.    Prosecutorial Misconduct

¶22    Yancey also asserts that prosecutorial misconduct occurred with respect to fifteen photographs unrelated to his case. The parties addressed the

---

[5] We note that during the trial, Yancey requested a *Daubert* hearing for Warren to ask if she actually worked there and when she retired. The court denied Yancey's request because Warren was not actually testifying and her report was not being admitted. Yancey's standby counsel then explained that Yancey "just wants to know if we can ask the next analyst whether Te'ree Warren exists. I've told him that we can ask that." The court answered, "Oh, yeah, absolutely you can ask that." Yancey then asked two analysts, Stephanie Kuntz and Koresch, if Warren exists.

fifteen photographs at a pretrial hearing. The prosecutor explained that the State had disclosed 135 photographs to the defense, and then learned that fifteen of the photographs related to a different case and were mistakenly included.

¶23 In his postconviction motion, Yancey appears to assert that the photographs establish that drugs were planted near his residence. The circuit court denied his claim, accepting the prosecutor's explanation that the photographs were from an unrelated case.

¶24 On appeal, Yancey argues that the prosecutor introduced false testimony that "8.86 [sic] of heroin was found in the [fifteen] photos" and points to a specific page of his trial transcript. However, the transcript page Yancey cites involves an unrelated discussion between the parties and the court. It does not involve evidence or testimony presented to the jury. Thus, we conclude that Yancey has failed to allege sufficient facts of prosecutorial misconduct entitling him to relief.

### III. Erroneous Exercise of Discretion

¶25 In his postconviction motion for relief, Yancey asserted that the circuit court erroneously exercised its discretion in multiple respects. The circuit court denied Yancey's claims without a hearing concluding that its decision on each issue was proper. We agree with the circuit court.

¶26 First, Yancey contends that the circuit court should have given the missing witness jury instruction, WIS JI—CRIMINAL 345.[6] Giving this instruction

---

[6] We note that the jury instructions committee has recommended that this instruction not be provided in criminal cases. WIS JI—CRIMINAL 345.

is proper "only if it is reasonable to infer, under the circumstances of the case, that the missing testimony would have been unfavorable to the party failing to call the witness." *Id.* We conclude that the circuit court properly denied Yancey's request because Yancey did not show that Officer Vrtochnick, who photographed the scene including the drugs, or Warren, who had tested the drugs, would have testified favorably to Yancey. Yancey does not explain why the circuit court's ruling was erroneous.

¶27 Second, Yancey contends that the circuit court erred by denying a proffered defense witness and not holding a *Daubert* hearing. Yancey sought to present testimony from a former Dane County police officer "about best practices utilized by a police department when they investigate criminal activity." Yancey's standby counsel explained that Yancey "wants to critique [the] photographs that were taken, the manner in which they were taken, and what would be considered better practice." The circuit court denied Yancey's request stating that it was untimely and because "I don't know that it would produce relevant evidence anyway." Yancey does not explain why the expert's testimony would have been relevant and admissible.

¶28 Third, Yancey contends that the circuit court erred when it did not grant his motion to dismiss. At the close of evidence, Yancey moved to dismiss on the ground that his landlord testified that he painted Yancey's residence the day after the police executed the search warrant. According to Yancey, this showed that the police had planted drugs at his house. The circuit court denied Yancey's motion. The circuit court noted that the landlord "testified two different ways, maybe two or three times" and "I can't say that his testimony was solid for either side."

10

¶29    As the circuit court found, the landlord's testimony was inconsistent. For example, at one point the landlord testified that he had painted the house before the search warrant was executed. At another point he testified that he painted after the police executed the warrant. The fact, however, that the testimony was inconsistent does not establish that the police planted evidence.

¶30    Fourth, Yancey contends that the circuit court erred when it denied his motion for a mistrial. During deliberations, the jury submitted a note saying "We're stuck, what do we do? It doesn't look like there will be a change." Yancey asked the court for a mistrial due to a hung jury. The court denied Yancey's request, stating that the jury had only been deliberating for about four hours in a four-day jury trial. The court read the jury instruction on agreement, WIS JI—CRIMINAL 520, and instructed the jurors to continuing deliberating.

¶31    We do not perceive any error with the circuit court's ruling. As the court noted, the jurors had deliberated for less than five hours in a four-day trial. Subsequently, after being sent home for the evening, the jury reached verdicts on two counts the next day. This does not provide grounds for a dismissal.

¶32    Finally, Yancey contends that the circuit court erroneously exercised its discretion when it denied his request to exclude Koresch, did not hold a *Daubert* hearing for Koresch, and did not admit Warren's lab report. Yancey's arguments on these claims are conclusory and undeveloped. Accordingly, we do not address them. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶33    Therefore, for all of the reasons above, we conclude that the circuit court properly denied Yancey's postconviction motion without a hearing.

Yancey's claims lack sufficient facts, present only conclusory allegations, or are refuted by the record. *Ruffin*, 401 Wis. 2d 619, ¶28.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.