CLEAR CHANNEL OUTDOOR, INC.,
Plaintiff-Appellant,†

v.

CITY OF MILWAUKEE, Defendant-Respondent,

LAMAR CENTRAL OUTDOOR, LLC, Intervenor.

Court of Appeals

*No. 2015AP1876. Submitted on briefs November 8, 2016.*
*—Decided February 21, 2017.*

2017 WI App 15

(Also reported in 893 N.W.2d 24.)

† Petition for Review filed.

348

350

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert L. Gordon* and *Marie G. Bahoora*, of *Michael Best & Friedrich LLP*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Grant F. Langley, city attorney, Vincent D. Moschella, deputy city attorney*, and *Margaret C. Daun*.

Before Brennan, P.J., Kessler and Brash, JJ.

¶ 1. BRENNAN, P.J. This case presents a narrow issue: whether the City of Milwaukee (the City) properly assessed the billboard permits of Clear Channel Outdoor, Inc. ("Clear Channel") as real property for the years 2009–2013.[1] Clear Channel brought this excessive assessment action under Wis. Stat. § 74.37

---

[1] Although Lamar Central Outdoor, LLC, was an intervenor below, it is not a party to this appeal.

(2011–12)[2], raising statutory and constitutional challenges to the City's tax assessments on approximately 850 billboard permits for each year from 2009 through 2011; later the complaint was amended to include the years 2012 and 2013.[3] Clear Channel sought a declaratory judgment that the assessments were invalid and a refund of the taxes paid on the grounds that it was improper to assess the billboard permits as real property.[4]

¶ 2. The City's response to the statutory argument was that Chapter 70 of the Wisconsin Statutes and *Adams Outdoor Advertising, Ltd. v. City of Madison*[5] established that the billboard permits were tax-

_____

[2] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted. The time period in question spans three versions of the statutes, but the relevant provisions are all identical in the 2009–10, 2010–11, and 2011–12 versions of the statutes.

[3] The Legislature changed the law in 2014 to specifically exclude taxation of billboard permits as real property, negating the applicability of the case law relied on here. Nonetheless we must resolve the issue under our legal precedent in effect from 2009 through 2013. Effective January 1, 2014, " '[r]eal property' and 'real estate' do not include any permit or license" for placing personal property, including "an off-premises advertising sign." 2013 Wisconsin Act 20 §§ 1278d., 1278e., 9337(10d), creating Wis. Stat. § 70.03(2). We note that the record includes a transcript of the legislative committee hearing concerning this legislative action. The transcript shows that the legislature expressly considered and rejected retroactive application of the provision.

[4] Clear Channel concedes the amount of the assessments. Therefore, we need not address whether the assessment amount was properly reached, but only whether the permits were taxable real property in the first instance.

[5] *Adams Outdoor Advertising, Ltd. v. City of Madison*, 2006 WI 104, ¶ 84, 294 Wis. 2d 441, 717 N.W.2d 803 ("We conclude that because *billboard permits are real property,* as

able real property and that there was no constitutional violation. The trial court ruled that the City's assessments were proper, granting the City's motion for summary judgment and denying Clear Channel's cross-motion. We agree with the City and affirm.

## BACKGROUND

¶ 3. This case was previously before this court when we agreed with the City that Clear Channel had failed to exhaust its administrative remedies, and we remanded the case to the City. *Clear Channel Outdoor, Inc. v. City of Milwaukee (Clear Channel I)*, 2011 WI App 117, ¶ 12, 336 Wis. 2d 707, 805 N.W.2d 582. On remand, Clear Channel elected not to challenge the assessed values of the permits and argued only that they were without a legal basis. The City sustained the assessments, and Clear Channel appealed to the circuit court. The court granted the City's motion for summary judgment and denied the cross-motion. This appeal follows.

## DISCUSSION

¶ 4. We review summary judgment decisions *de novo* both as to the trial court's application of law to the facts and the trial court's legal conclusions, including its statutory interpretations. *See U.S. Oil Co., Inc. v. City of Milwaukee*, 2011 WI App 4, ¶ 12, 331 Wis. 2d 407, 794 N.W.2d 904 (2010). The appeals court can "benefit[] from the analysis of the trial court." *Id.* This

defined in Wis. Stat. § 70.03, the income attributable to them is properly included in the real property tax assessment, not the personal property tax assessment.") (Emphasis added.)

case presents only the legal question of whether the City's assessments of the billboard permits are valid. Assessments are entitled to a presumption of correctness. WIS. STAT. § 70.49(2). The burden is on Clear Channel to prove by clear and satisfactory evidence that the assessments here are in error. *See Xerox Corp. v. DOR*, 2009 WI App 113, ¶ 34, 321 Wis. 2d 181, 772 N.W.2d 677. If by any reasonable view of the evidence the assessment is valid, it must be upheld. *Bonstores Realty One, LLC v. City of Wauwatosa*, 2013 WI App 131, ¶ 5, 351 Wis. 2d 439, 839 N.W.2d 893.

¶ 5. We construe statutes to determine the legislature's intent. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶ 38, 271 Wis. 2d 633, 681 N.W.2d 110. We begin with the plain language of the statute. *Id .*, ¶ 37. Where the words do not sufficiently resolve the matter, we look to context of several statutes and any expression of legislative purpose in the statute. *Id.*, ¶ 49. We seek to harmonize statutes and avoid absurd results. *State v. Gould*, 56 Wis. 2d 808, 812, 202 N.W.2d 903 (1973).

## I. The billboard permits fit the statutory definitions of real property which must be taxed pursuant to WIS. STAT. §§ 70.01, 70.02 and 70.03 and *Adams*.

¶ 6. The essence of Clear Channel's statutory argument is that the real property assessments of the billboard permits are invalid because the permits do not fit the definition of real property in WIS. STAT. ch. § 70 and *Adams*, and they violate the unitary rule of *Aberg v. Moe*, 198 Wis. 349, 358–59, 224 N.W. 132 (1929). The City's position is that although billboard

permits are not *expressly* listed as real property under the definitions of Chapter 70, they are taxable as real property because: (1) they are consistent with the statutory definitions of real property and the purpose of Chapter 70; (2) they have been determined by *Adams* to be taxable real property; and (3) the unitary rule of *Aberg* is not violated by these assessments.

¶ 7. We agree with the City and affirm based on the following.

## A. Billboard permits are taxable real property, consistent with the statutory definitions of real property in Chapter 70.

■

¶ 8. Wisconsin law *requires* general property to be taxed absent an exemption. "Taxes shall be levied, under this chapter, upon all general property in this state except property that is exempt from taxation." WIS. STAT. § 70.01. Clear Channel makes no claim that the billboard permits are exempt from taxation during the relevant period. General property is then itself defined in pertinent part in WIS. STAT. § 70.02 as all taxable real property as defined in WIS. STAT. § 70.03. The relevant portion of WIS. STAT. § 70.03(1) defines "real property" as " '[r]eal property,' 'real estate,' and 'land' include not only the land itself but all buildings and improvements thereon, and all fixtures and rights and privileges *appertaining thereto*[.]" (Emphasis added.) Thus, under the statutes' plain words, if the billboard permits here "appertain" to the land, they constitute real property which must be taxed.

¶ 9. Admittedly, because of the unique nature of billboard permits, they do not neatly fit into the statutory definition. However, the Wisconsin Supreme

Court in *Adams* construed billboard permits to fall within the final, *appertaining thereto,* clause of Wis. Stat. § 70.03(1), "all fixtures and rights and privileges appertaining thereto[.]" The court in *Adams* rejected taxing the billboard permits as *personal* property because it concluded that: (1) the permits were *real* property, the primary value of which "appertained" to the location of the underlying real estate; and (2) the income attributable to them is properly included in the *real* property assessment:

> We conclude that because billboard permits are *real property,* as defined in Wis. Stat. § 70.03, the income attributable to them is properly included in the real property tax assessment, not the personal property tax assessment. Any value attributable to the billboard permits is not inextricably intertwined with the structure of the billboards. The primary value of the permits is unrelated to the structures; rather, the primary value of the permits *appertains to the location of the underlying real estate.*

*Adams,* 294 Wis. 2d 441, ¶ 84 (emphasis added).

¶ 10. Earlier in this case, in *Clear Channel I,* Judge Fine, writing for this court, applied the *Adams* holding to the facts of the same billboard permits at issue here and stated that the billboard permits were *real* property:

> There are three components of value associated with a billboard: (1) the structure, (2) the land on which the structure sits, and (3) *the permit that allows the structure to sit on that land.* Although the billboard structure is "taxed as personal property," billboard *permits* are taxed as real property. Land, of course, is taxed as realty.

357

*Clear Channel I,* 336 Wis. 2d 707, ¶ 6 (emphasis added; internal citations omitted). So, it is clear under our precedent, *Adams,* and our interpretation of *Adams* in *Clear Channel I,* that the billboard permits are real property which must be taxed.

¶ 11. Despite *Adams'* clear language, Clear Channel argues that even if *Adams* concluded the permits were real property, it did not conclude they were *taxable* real property under the statutes. It bases this argument on one clause in one sentence of *Adam s* and a footnote, both out of context. We discuss and reject these two ancillary arguments Clear Channel makes against the applicability of *Adams.*

¶ 12. First, Clear Channel relies on one clause in *Adams* that states: "We conclude that because billboard permits are real property, as defined in Wis. Stat. § 70.03, *the income attributable to them is properly included in the real property tax assessment,* not the personal property tax assessment." *Adams,* 294 Wis. 2d 441, ¶ 84 (emphasis added). Clear Channel paraphrases the clause to say "any value associated with a billboard permit, *to the extent assessable at all,* is a real estate value which cannot be included in the personal property assessment of the billboard structure and must be 'included in the real property tax assessment.' " (Emphasis added.) Clear Channel's paraphrase improperly changes the court's words and meaning. Clear Channel creates a statement the court never made—namely, that billboard permit income may not be taxable. The court never said: *"to the extent assessable at all."* Accordingly there is no merit to Clear Channel's argument that *Adams* fails to establish that billboard permits are not taxable real property.

¶ 13. We next reject Clear Channel's argument based on a footnote that states that although rental income potential is "a proper factor" to consider for an assessment of the land on which the billboard is located, "the real property tax assessment of the land" leased to the billboard company cannot be calculated by "includ[ing] 100 percent of the income derived from" the billboards. *Adams*, 294 Wis. 2d 441, ¶ 84 n.18 ("Footnote 18"). Clear Channel argues that the footnote means "that the *only* person who can be assessed for *any* value associated with a billboard permit is 'the underlying landowner' who owns 'the land that is leased to' the billboard owner." But the footnote says nothing like this. It addresses the tax assessment of the landowner, not the permit owner. It contemplates that there will be some allocation of value for the overlapping part of the rental income between the permit owner's responsibility and the landowner's and that this may be a legitimate issue in some cases. But that is not the case here. Clear Channel is not disputing the method or amount of the assessment. And it is a gross misreading of the footnote to argue that it precludes valuation to the permit owner.

**B. Contrary to Clear Channel's argument, the billboard permits fit the statutory definition of real property even though no method of taxation of billboard permits is expressly described in Wis. Stat. §§ 70.23 and 70.32.**

¶ 14. Next, Clear Channel contends that further proof that the billboard permits are not real property is evident from the absence of specific mention of a method of imposing tax on the billboard permits in

Wis. Stat. § 70.23 and Wis. Stat. § 70.32. It argues that the methods used by the City here—global positioning system ("GPS") coordinates for location, and permit income estimates for valuation—are not expressly mentioned in either statute, and that this shows that the billboard permits are not real property.

¶ 15. We first explain the method used by the City to tax Clear Channel's billboard permits. It is undisputed that Clear Channel refused to provide legal descriptions or valuation information. So, the City taxed each as a separate, stand-alone real estate parcel, identifying each permit by GPS coordinates for the location of the billboard and then valued each billboard permit based exclusively upon estimates of the rent earned by Clear Channel from advertisers for each particular permit. It is undisputed that these permit assessments were separate from the property tax bills issued to the owners of the land underlying the billboard structures.

¶ 16. Clear Channel's argument here is nuanced. It is not arguing on appeal that the use of GPS and estimates of permit income violated these two statutory sections or led to invalid assessments. Clear Channel stipulated below to the valuations and locations. Rather it addresses the broader question of whether a billboard permit is real property if it does not precisely fit the statutory descriptions of how to assess real property.

¶ 17. Chapter 70 provides some guidance on the proper method of assessment of real property, but admittedly none of it *expressly* addresses the type of property represented by billboard permits. For example, Wis. Stat. § 70.23 contemplates identifying the property by parcel description: "[t]he assessor shall enter upon the assessment roll opposite to the name of

360

the person to whom assessed, if any, as before provided in regular order as to lots and blocks, sections and parts of sections, a correct and pertinent description of each parcel of real property in the assessment district and the number of acres in each tract containing more than one acre." It does not state what to do in the absence of a conventional parcel description.

¶ 18. While GPS is not specifically listed in Wis. Stat. § 70.23, the clear language of the statute shows the legislative intent that the property to be taxed be specifically identified, which these were. We find no statutory prohibition from using an alternate method of description like GPS and note that Wis. Stat. § 70.03 defines other types of real property that similarly do not neatly fit into legal descriptions, such as, "fixtures and rights and privileges appertaining thereto[.]" Thus, we conclude that although a method for identifying the location of a billboard permit is not expressly spelled out in § 70.23, the legislature's means of identifying locations is not exhaustive, and thus use of a different mechanism does not run counter to the legislature's intent that location be precisely identified. Because GPS accomplishes the identification of a precise location, we conclude that the City's method of using GPS here is consistent with § 70.23. Accordingly, nothing in § 70.23 contradicts our conclusion that billboard permits are real property under § 70.03.

¶ 19. Secondly, Clear Channel argues that the absence of mention of billboard permits in Wis. Stat. § 70.32 means that they are not real property. We disagree. Although § 70.32[6] does not expressly say how to value a billboard permit, it directs the assessor to

[6] "Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual provided under s. 73.03(2a) from actual view or from

the methods set forth in the Wisconsin property assessment manual. The statute clearly articulates the legislative objective of real property taxation, namely to get the "full value" according to the "best information" available. Different methods are suggested: (1) recent arm's-length sales of the subject property (not applicable here due to the non-transferable nature of the permits); (2) recent arm's-length sales of comparables; and (3) "all factors that, according to professionally acceptable appraisal practices, affect the value of the property to be assessed", as well as the methods set forth in the Wisconsin property assessment manual.

¶ 20. It is well established that one of the methods of valuation approved in the manual is income-generation of the property. *See* 7 *Wisconsin Property Assessment Manual* (rev. Jan. 1, 2009) at 11 ("One definition of value is the present worth of anticipated future benefits. These future benefits can be . . . the receipt of an income . . . or any other benefits that may be projected."). Additionally, *Adams* recognized the appropriateness of using the permit "price" or income, as method of valuing billboard permits:

> The primary value of the permits is unrelated to the structures; rather, the primary value of the permits appertains to the location of the underlying real estate . . . . Likewise, the value of a billboard is heavily dependent upon its location, as demonstrated by the fact that a billboard along a heavily traveled interstate highway can command a much greater price for the display of advertising than a billboard in a residential neighborhood.

the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale."

*Adams*, 294 Wis. 2d 441, ¶ 84–85 (citations omitted).

¶ 21. Accordingly, we reject Clear Channel's argument that Wis. Stat. §§ 70.23 and 70.32 demonstrate that the billboard permits are not real property within the meaning of Chapter 70. Even if the permits are not expressly referenced in either statute, the statutory purpose of defining the location and valuing the property are both achieved here and in a manner consistent with *Adams*.

## C. The "unitary rule" does not bar the assessment of the permits.

¶ 22. Clear Channel next argues that the unitary rule, a rule that was set forth in cases interpreting Wis. Stat. ch. 70, makes clear that the billboard permits were not properly assessed here because that rule prohibits assessing an interest that is separate from the property. Clear Channel's argument fails because it rests on a faulty assumption—that the interest being taxed here is separate from the property and therefore is not real property. We have explained above why that assumption is incorrect—the interest being taxed here is not separate, but is itself, real property.

¶ 23. A closer examination of the case articulating the unitary principle, *Aberg*, 198 Wis. at 358–59, shows further why it fails to resolve the issue here. *Aberg* held that a *lessee* of real estate owned by the University of Wisconsin could not be taxed. *Id.* First of all, *Aberg* is distinguishable on this key factual difference. And secondly, the legal issue in *Aberg* was different—it was whether a real estate tax *exemption* of the University of Wisconsin applied to the University's lessee. *Id.* The City had taxed University-owned real property that was leased to a non-State of Wiscon-

sin entity. *Id.* There was no question that the University was entitled to the exemption. *Id.* The City was attempting to impose real estate tax liability on a *lessee, not an owner,* of the property, which *Aberg* held it could not do. *Id.*

¶ 24.　Here the challenged assessments are not on leases or separate interests *in* real estate, but are on real property itself, namely the billboard permit. *See Adams,* 294 Wis. 2d 441, ¶ 84. ("We conclude that because *billboard permits are real property,* as defined in Wis. Stat. § 70.03, the income attributable to them is properly included in the real property tax assessment, not the personal property tax assessment.") (Emphasis added). And as the trial court concluded, "the permit is the entire property itself." Nothing in *Aberg* addresses or changes that analysis. As the City points out, unlike interests in property such as leases, billboard permits are not "extinguished" if the underlying land is sold; they continue. Because this is so, a billboard permit is not the kind of "interest" in property that is subject to the unitary rule, and assessing such permits does not violate it.

## II.　Constitutional arguments.

■■■■■■

¶ 25.　Clear Channel raises "as-applied" equal protection and uniformity clause challenges to the City's assessment of the billboard permits under both the state and federal constitutions. The constitutionality of a tax assessment is a question of law that is reviewed *de novo. See Metropolitan Assocs. v. City of Milwaukee,* 2011 WI 20, ¶ 21, 332 Wis. 2d 85, 796 N.W.2d 717. The burden is on the challenger to prove that the assessment is unconstitutional beyond a rea-

sonable doubt and any doubt must be resolved in favor of the assessment's constitutionality. *Id.*

¶ 26. In an equal protection challenge, the test is not whether some inequality results from the City's tax assessment application. *Nankin v. Village of Shorewood*, 2001 WI 92, ¶¶ 10–12, 245 Wis. 2d 86, 630 N.W.2d 141. Rather, the challenger must prove, beyond a reasonable doubt, that there is invidious discrimination, without a rational basis. *DOR v. Moebius Printing Co.*, 89 Wis. 2d 610, 624–25, 279 N.W.2d 213 (1979). If there is any "reasonably conceivable state of facts that could provide a rational basis" for the assessment, it must be upheld. *See Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1072 (7th Cir. 2013) (citations omitted); *see also Nankin*, 245 Wis. 2d 86, ¶ 12.

## A. The billboard permit assessments here do not violate constitutional equal protection guarantees.

¶ 27. Clear Channel argues that its rights to equal protection under Article I, Section 1 of the Wisconsin Constitution and the Fourteenth Amendment of the United States Constitution were violated by the billboard permit assessments, based on the fact that billboard permit owners are subject to real property taxation while similarly situated owners of other permits and licenses are not. The other permits mentioned by Clear Channel as similar, but taxed unfairly differently, are three: liquor, food, and cigarette license permits. It further contends that this court is bound by the trial court's finding that the City discriminated against billboard permit holders, and that the trial court erred when it concluded that a rational basis exists for the differing treatment.

365

¶ 28. There are two problems with Clear Channel's argument. First, it fails to develop any argument that the three other types of permits were "similar" or "comparable" to the billboard permits such that discrimination occurred or that there was no rational basis for the City to not treat them the same as the billboard permits. Clear Channel's mere conclusory statement is insufficient to establish the similarity of the permits. Accordingly because Clear Channel fails to meet its burden of showing the other permits' similarity to the billboard permits, it cannot sustain its argument that the City had no rational basis for treating the types of permits differently.[7] We do not develop arguments for parties. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments" for the parties).

¶ 29. Secondly, contrary to Clear Channel's argument, the record shows a rational basis for the City's differing tax assessment of the billboard permits from the liquor, food and cigarette permits. *See Moebius*, 89 Wis. 2d at 624–25. Of the permits mentioned, only the billboard permits can be considered "inextricably in-

---

[7] Clear Channel's failure to develop an argument on the similarity of the permits may also defeat any finding of discrimination. However, Clear Channel contends the trial court's finding of discrimination is binding on this court because it was not challenged by the City on appeal. While we do not believe the record is entirely clear on that point, we need not resolve it. Even if there was discriminatory application of the law by the City, we resolve the equal protection issue on rational basis grounds. *See State v. Zien*, 2008 WI App 153, ¶ 3, 314 Wis. 2d 340, 761 N.W.2d 15 (we decide cases on the narrowest possible grounds).

tertwined" with the land, and only the billboard permits are therefore taxable. *See ABKA Ltd. P'ship v. Board of Review of Fontana-on-Geneva Lake*, 231 Wis. 2d 328, 338, 603 N.W.2d 217 (1999). *See also Nankin*, 245 Wis. 2d 86, ¶ 12.

¶ 30. The Wisconsin Supreme Court held in *ABKA*, 231 Wis. 2d at 338, that the only taxable real property is that which is *inextricably intertwined* with the land. ABKA owned a resort. It also operated, but did not own, the condominium units next door in return for a fifty percent share of the gross condominium rentals. ABKA challenged the inclusion of the condominium rental income in its real property tax. *Id.* The court rejected ABKA's challenge on the grounds that the value of the resort ownership, i.e., the rental income, was inextricably intertwined with the underlying real estate. *Id.* at 338–44.

¶ 31. The same principle was recognized in *Waste Management of Wisconsin, Inc., v. Kenosha County Board of Review*, 184 Wis. 2d 541, 568–69, 516 N.W.2d 695 (1994) (landfill's assessment was proper because its income was attributable to the land itself), *State ex rel. N/S Assocs. v. Board of Review of Greendale*, 164 Wis. 2d 31, 52, 473 N.W.2d 554 (1991) (mall owner's assessment was proper because rental income from mall tenants was inextricably intertwined with mall value), and *Adams*, 294 Wis. 2d 441, ¶ 85 (holding that billboard permit value is "heavily dependent upon its location").

¶ 32. As a further note, we point out that Clear Channel conceded in its opening brief it was not challenging the finding of inextricable intertwinement, although it had below. The trial court found in its post-judgment ruling that regardless of Clear Channel's reason for conceding this issue, it was undisputed

that Clear Channel had not challenged the inextricable intertwinement of the income with the land. Clear Channel did not appeal that finding and order. Therefore, it is undisputed here.

¶ 33. Thus, only property that has income that is inextricably intertwined with the underlying land is taxable real property. As has been shown, *Adams* and *ABKA* establish that billboard permit income is "inextricable intertwined" with the land and a permit is therefore taxable as real property. Clear Channel has made no showing that the liquor, food and cigarette permits were inextricably intertwined with the land. Thus, noting the heavy burden challengers face on an as-applied equal protection claim and the strong presumption in favor of a taxing decision of government, *see Nankin*, 245 Wis. 2d 86, ¶ 11; *see also Bonstores Realty One*, 351 Wis. 2d 439, ¶ 5, we conclude that a rational basis exists for the different tax assessment here and there is no equal protection violation. "The equal protection clause of the fourteenth amendment is designed to assure that those who are similarly situated will be treated similarly. Thus, where those who are similarly situated are treated similarly, no equal protection violation occurs." *Treiber v. Knoll*, 135 Wis. 2d 58, 68–69, 398 N.W.2d 756 (1987) (citations omitted).

¶ 34. Accordingly, Clear Channel has not met its burden of showing any equal protection violation here.

**B. The assessment here does not violate the Uniformity Clause of the Wisconsin constitution.**

¶ 35. We independently review the trial court's conclusion that the City did not violate the Uniformity

Clause, that is, article VIII, section 1 of the Wisconsin Constitution. *See U.S. Oil*, 331 Wis. 2d 407, ¶ 12. The Uniformity Clause states, "[t]he rule of taxation shall be uniform but the legislature may empower cities, villages or towns to collect and return taxes on real estate located therein by optional methods." Wis. Const. art. VIII, § 1. The rule "requires that the method or mode of taxing real property must be applied uniformly to all classes of property within the tax district." *U.S. Oil*, 331 Wis. 2d 407, ¶ 23. A uniformity violation occurs if one parcel is taxed at a higher effective rate than a similarly situated, or comparable, parcel of the same class. *State ex rel. Hensel v. Town of Wilson*, 55 Wis. 2d 101, 106–110, 197 N.W.2d 794 (1972).

¶ 36. Clear Channel contends that the Uniformity Clause was violated in the same way as equal protection was, namely that the City taxed billboard permits as real property, but a comparable parcel of the same class, namely liquor, food and cigarette sales permits, were not. For the same reason that we have concluded Clear Channel's equal protection argument fails, we conclude its Uniformity Clause argument fails. Clear Channel has failed to show that the liquor, food and cigarette sales permits are comparable, similarly situated parcels of the same class because only the billboard permits are inextricably intertwined with the underlying land. *See id.*

¶ 37. In a Uniformity Clause violation claim, we look to whether "other comparable properties" in the district were assessed uniformly with the challenged property. *U.S. Oil*, 331 Wis. 2d 407, ¶ 25, citing *Allright Props., Inc. v. City of Milwaukee*, 2009 WI App 46, ¶ 52, 317 Wis. 2d 228, 767 N.W.2d 567. In *U.S. Oil* the

challenged assessment was on one terminal owned by U.S. Oil as compared to the other terminals at the same Granville Terminal Complex. *Id.*, ¶ 27. There was no question they were comparable properties—all terminals in the same complex. *Id.* We concluded that uniformity was violated because U.S. Oil was assessed at a rate more than twice the per-barrel assessment of every other terminal in the same Granville Terminal Complex. *Id.*

¶ 38. Similarly our supreme court found a uniformity violation in *Hensel*, where we concluded that farm land at issue was comparable to other parcels of the same small size and in the same area, near a school, but assessed at a different rate. *Hensel*, 55 Wis. 2d at 109.

¶ 39. But in *N/S Associates*, 164 Wis. 2d at 52, we rejected a uniformity challenge by the owner of Southridge Mall, who claimed the valuation improperly included the "business value" of the mall, whereas other assessments in the village did not include business value. The analysis turned, as it does here, on the challenged business value's intertwinement with the land. We concluded that business value was properly included in the mall's assessment because the Wis. Stat. § 70.03(1) definition of real property included the "advantage or disadvantage of location" as an element of value. *Id.* We noted: "[t]hus, a 'brand spanking new' Southridge mall is worth more located where it is in the Village of Greendale than it would be if it were located on the frozen arctic tundra, irrespective of the cost of construction." *N/S Associates*, 164 Wis. 2d at 53. Accordingly, the mall's location and intertwinement with the land made it different from the other property in the Village and demonstrated no uniformity violation.

¶ 40. As we have stated in the preceding section, due to their inextricable intertwinement with the land, the billboard permits here are not comparable to the liquor, food and cigarette permits. Thus, we conclude there is no uniformity violation.[8]

¶ 41. For the foregoing reasons, we reject Clear Channel's constitutional arguments and affirm the trial court.

*By the Court.*—Order affirmed.

---

[8] Clear Channel takes great issue with the trial court's reasoning on this point. In ruling there was no uniformity violation, the trial court concluded that the cases cited by Clear Channel were distinguishable because they involved challenges to assessments of property within the class. By contrast, the trial court found that here the challenge was to the fact that there was *no tax* on some permits while there was a tax on the billboard permits. Regardless of the trial court's reasoning and whether Clear Channel took it out of context, we decide this issue *de novo. See U.S. Oil Co., Inc. v. City of Milwaukee,* 2011 WI App 4, ¶ 12, 331 Wis. 2d 407, 794 N.W.2d 904 (2010).