DUGAN, J.[1]
¶1 Steven Robert Sharpe appeals the circuit court's order dismissing his small claims action for money damages against the City of West Allis and Shelly Kerwin, a plan reviewer for West Allis. Sharpe alleged that the damages were incurred due to allegedly unwarranted changes that West Allis and Kerwin required in plans to remodel a commercial building. Sharpe, an architect, has represented himself throughout this action and continues to represent himself on appeal.
¶2 Sharpe argues that the trial court erred in concluding that West Allis and Kerwin had governmental immunity from damages because the challenged acts were discretionary acts and because her actions were malicious, willful, and intentional. For the following reasons, we affirm the trial court's order.
BACKGROUND
Building permit application
¶3 On or about July 14, 2017, Sharpe applied for a building permit to remodel a commercial building in West Allis.[2] As required by the West Allis municipal code, he submitted proposed plans with the application. Kerwin reviewed Sharpe's plans and interpreted the applicable International Building Code (IBC) as requiring amendments to the plan. One item that she determined needed to be included was a service sink. Sharpe made changes to his plans as requested by Kerwin, but objected to some of the requested changes. He then resubmitted his plans. Kerwin advised Sharpe that the revised plans met the requirements necessary for a conditional approval. The actual building permit was issued on August 10, 2017.
¶4 After the permit was issued, Sharpe and Kerwin continued to exchange emails about the requested changes. Specifically, Sharpe continued to object to the need for the service sink. In an email dated September 14, 2017, he asserted that under the International Existing Building Code (IEBC), which was applicable to the project, the service sink was not required. In an email dated September 21, 2017, Sharpe further explained his rationale why the service sink was not required under the IEBC. Kerwin replied to his email that same day stating, "[t]hank you for the code reference in IEBC Section 710. Upon reviewing this section, I am in agreement, a service sink is not required for this tenant remodel."[3]
Claim against West Allis
¶5 On October 10, 2017, Sharpe filed a claim for damages relating to the permit issuance and plan review. West Allis denied the claim on December 5, 2017.
Small claims action
¶6 On December 22, 2017, Sharpe filed a small claims action against West Allis and Kerwin, in her capacity as the West Allis plan reviewer, alleging that they required unwarranted building interior alterations that caused extra costs and time delays. Sharpe sought damages in the amount of $ 10,000. Following a May 17, 2018 evidentiary hearing, the small claims court commissioner orally ruled in favor of West Allis and Kerwin, and dismissed the action.
¶7 On May 28, 2018, Sharpe filed a demand for a small claims trial. Following an August 24, 2018 court trial, the trial court orally ruled in favor of West Allis and Kerwin and dismissed the case. This appeal followed.
DISCUSSION
¶8 Sharpe argues that the trial court erred in concluding that West Allis and Kerwin had governmental immunity from damages because she performed discretionary acts. Instead, he asserts that Kerwin's actions fall into well established exceptions to governmental immunity-that she was performing ministerial duties imposed by law when she required the plan changes and that her actions were malicious, willful, and intentional.
¶9 West Allis and Kerwin argue governmental immunity applies to Kerwin's actions as plan reviewer because they were discretionary, not ministerial acts, and they were not malicious, willful, or intentional. They also argue that a $ 5000 statutory limit on damages would apply to any recovery by Sharpe.
I. Standard of review and applicable law
¶10 "[I]t is the burden of the appellant to demonstrate that the trial court erred, and to present us with a record that contains a factual predicate for [his] legal arguments." See Seltrecht v. Bremer , 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997). When presented with an incomplete appellate record in connection with issues raised by an appellant, we must assume that the missing material supports the trial court's ruling. See Duhame v. Duhame , 154 Wis. 2d 258, 269, 453 N.W.2d 149, 153 (Ct. App. 1989). Although a party who exercises his or her right to represent himself or herself in an action may be afforded some leniency, the party is responsible for complying with the relevant rules of procedural and substantive law. See Waushara Cty. v. Graf , 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992).
¶11 "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." WIS. STAT. § 805.17(2).
¶12 WISCONSIN STAT. § 893.80(4) immunizes municipalities and their officials, agents or employees for liability arising out of "acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions." Generally, public officers are immune from civil liability for damages resulting from their discretionary acts. Kimps v. Hill , 200 Wis. 2d 1, 10-11, 546 N.W.2d 151 (1996). However, section 893.80(4) does not provide any immunity against liability related to several categories of acts, including in part, "the performance of ministerial duties imposed by law" and "acts that are malicious, willful and intentional." See Engelhardt v. City of New Berlin , 2019 WI 2, ¶29, 385 Wis. 2d 86, 921 N.W.2d 714 (citation omitted).
II. Sharpe did not meet his burden
¶13 We first conclude that Sharpe did not meet his burden because in this case, the record on appeal does not include a transcript of the August 28, 2018 court trial or a transcript of the trial court's oral decision at the close of the trial. Because Sharpe did not make the transcripts a part of the record, we assume they support the trial court's decision. See Fiumefreddo v. McLean , 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993) (stating that the appellant must assure a complete record for the issues on review, and missing material is assumed to support the trial court's decision). Thus, we have no basis to disturb any factual findings made by the trial court.
¶14 Without any transcripts of the trial and the trial court's decision, we are left to guess the basis for the trial court's decision. The only information that we have regarding the trial court's decision is the CCAP (Consolidated Court Automation Programs) record.[4] That record reflects the following:
Matter in Court for Trial. Court Trial Proceeded. Sworn and Examined: Steven Sharpe, Shelly Kerwin. Court files into evidence Exhibits from the Plaintiff and Defendant. Court heard additional statements by both parties. The court finds that defendants are (NOT) liable for amount claimed by the plaintiff. Based upon the record before the Court, the Court renders a Dismissal in favor of the Defendants without prejudice and without costs to either party.
This entry raises multiple questions. Did the trial court find that Sharpe failed to prove the amount of any damages or that he was not the proper party to bring the action. What is contained in the "record before the court" that prompted the trial court to dismiss the action without prejudice.[5] Without a transcript of the proceedings, especially the trial court's reasoning, this court has no basis to disturb any factual findings or legal determinations made by the trial court.
¶15 We also conclude that Sharpe has not met his burden because he has not properly developed his argument. In support of his argument that West Allis and Kerwin did not have governmental immunity, Sharpe merely states that he would provide this court with "clear and concise facts to defeat the immunity from prosecution provided under WIS. STAT. [§] 893.80(4)" by demonstrating that Kerwin's actions were "non-discretionary acts." However, after citing the factual history regarding his application process, Sharpe simply states, "Sharpe prays the Appellate Court to find that Appellate Defendant(s) [West Allis] and [Kerwin] are not immune from suit and be held responsible for the financial hardship they erroneously imposed upon [Sharpe]."
¶16 Further, the only legal authority Sharpe cites in his appellate brief is WIS. STAT. § 893.80(4) -the statute that affords governmental immunity. Sharpe does not provide any citations to any case law to support his assertion that Kerwin's acts were ministerial, not discretionary. His mere conclusory statement that Kerwin's acts were ministerial is insufficient to persuade us that Kerwin's actions fell into that exception to governmental immunity. Equally deficient is Sharpe's single conclusory statement that Kerwin's actions were malicious, willful, and intentional.
¶17 We will not abandon our neutrality to develop arguments for the parties. See Clear Channel Outdoor, Inc. v. City of Milwaukee , 2017 WI App 15, ¶28, 374 Wis. 2d 348, 893 N.W.2d 24. Thus, we generally do not address arguments unsupported by citations to relevant legal authority. See State v. Pettit , 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).
¶18 Lastly, we conclude that Sharpe conceded West Allis and Kerwin's arguments by not filing a reply brief. As indicated, in their appellate response brief, West Allis and Kerwin argue Kerwin's acts under the West Allis municipal code were discretionary and that Sharpe has failed to allege sufficient facts or a rationale to establish that Kerwin's decisions as plan reviewer were ministerial, citing Scott v. Savers Property & Casualty Insurance Co. , 2003 WI 60, ¶27, 262 Wis. 2d 127, 663 N.W.2d 715. They also argue that there is no support in the record for Sharpe's assertion that Kerwin's actions were malicious, willful, and intentional. West Allis and Kerwin further argue that Sharpe initiated the small claims proceeding as a tort and, therefore, WIS. STAT. § 799.01(1)(cr) would apply and limit his recovery to $ 5,000. Sharpe failed to file any reply brief.
¶19 We deem Sharpe's failure to respond in a reply brief to the arguments made in the response brief as a concession. See United Co-op. v. Frontier FS Co-op. , 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578. Based on the foregoing, we affirm the trial court's decision.
CONCLUSION
¶20 For the stated reasons, we affirm the trial court's order.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(a) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Sharpe does not identify, in his pleadings or his brief on appeal, who was his client for the project. However, we note that a building permit issued by West Allis for the project lists the owner of the property as the Israel Aaron Trust and Sharpe as the contractor.

We note that, in his brief, Sharpe does not reference Kerwin's response to his email. Rather, he states that Department Director, Ed Lisinski, sent him an email on October 3, 2017, stating that Kerwin was out of the office so he would respond to his inquiry and that Lisinski stated that Sharpe was right-no service sink is required per the IEBC.

Wisconsin's CCAP is an online website that contains information entered by court staff of which this court may take judicial notice. See Kirk v. Credit Acceptance Corp. , 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522.

We also do not know in what capacity Sharpe commenced this action. Did he commence this action in his personal capacity as a person damaged by the alleged conduct or is he representing the owner, the tenant, or both for any damages they suffered. In his appendix, Sharpe included an email that he sent to Lisinski, asking who compensates the owner for costs of installing a plumbing system that was not required and the tenant for damages for not being able to operate the business and for paying rent during that time. We also note that the record includes a construction change order indicating Sharpe agreed to install the sinks and to be paid back from proceeds of a small claims action against West Allis or on a monthly basis if unsuccessful in the courts.