**COURT OF APPEALS
DECISION
DATED AND FILED**

**September 8, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP970**

Cir. Ct. No. 2019TP220

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.S.M., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

L.M.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

¶1     DONALD, P.J.[1] L.M. appeals the order of the trial court terminating her parental rights to A.S.M.  L.M. failed to appear at the initial hearing on the termination of parental rights petition and a default judgment was entered.  Subsequently, L.M. moved to vacate the default judgment, which the trial court denied.  On appeal, L.M. argues that the trial court erred in denying her motion to vacate the default judgment.  In addition, L.M. argues that a new trial in the interest of justice should be granted.  We affirm.

## BACKGROUND

¶2     L.M. is the biological mother of A.S.M., who was born on November 28, 2017.  A.S.M. was removed from L.M.'s care shortly after birth because L.M. "could not continue to care for any of her children."

¶3     On October 31, 2019, the State filed a petition to terminate L.M.'s parental rights to A.S.M.  The petition alleged that A.S.M. was a child in continuing need of protection or services, pursuant to WIS. STAT. § 48.415(2), and that L.M. had failed to assume parental responsibility, pursuant to § 48.415(6). The petition stated that L.M. had failed to meet the conditions and goals for the return of A.S.M., including controlling her mental health, and L.M. had failed to exercise significant responsibility for the daily supervision, education, protection, and care of A.S.M.

¶4     On November 26, 2019, an initial appearance was held on the petition.  L.M. did not appear.  The State indicated that it had attempted to

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

personally serve L.M. with the petition and also notify her by mail, which was not returned, and publication. The case manager advised the trial court that on November 21, 2019, her and her supervisor had a phone conference with L.M. At that time, her supervisor advised L.M. of the date and time of the court hearing. L.M. responded that she was not coming and hung up the phone.

¶5      The State and the Guardian ad litem (GAL) requested that the trial court find L.M. in default, which the court granted. The court then proceeded to take testimony from the case manager. The court found that the State established a factual basis for both grounds alleged in the petition for termination of parental rights and then made a finding of unfitness. A dispositional hearing was scheduled for December 12, 2019.

¶6      On December 12, 2019, L.M. appeared. L.M. told the trial court that she had not received a copy of the petition to terminate her parental rights. The court adjourned the hearing to give L.M. an opportunity to obtain a lawyer and file a motion to vacate the default judgment.

¶7      Subsequently, on February 20, 2020, L.M. through her attorney filed a motion to reopen the default judgment, pursuant to WIS. STAT. § 806.07(1)(h). An affidavit filed with the motion alleged that L.M.'s absence was inadvertent.

¶8      After hearing argument from the parties, the trial court denied the request to vacate the default judgment. In doing so, the court took into consideration a number of factors including the State's efforts at service, L.M.'s prior experience with termination of parental rights cases, the fact that L.M. was

advised of the court date and chose not to appear, and the significant length of time that A.S.M. had been out of the home.[2]

¶9   A dispositional hearing took place and L.M. appeared with counsel. On August 17, 2020, the trial court concluded that termination of parental rights was in A.S.M.'s best interests. This appeal follows. Additional relevant facts will be referenced below.

## DISCUSSION

¶10   On appeal, L.M. first argues that the trial court erred in denying her motion to vacate the default judgment. In response, both the State and the GAL argue that the trial court properly exercised its discretion.[3]

¶11   "A trial court has wide discretion in ruling on a motion to vacate a judgment." *Price v. Hart*, 166 Wis. 2d 182, 195, 480 N.W.2d 249 (Ct. App. 1991). "A [trial] court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶12   L.M. argues that the trial court erred by failing to evaluate her motion to vacate the default judgment under WIS. STAT. § 806.07(1)(h).

---

[2] At the conclusion of the hearing, L.M. spoke and indicated that the case manager informed her of the hearing the day before court. L.M. stated that she wanted to attend the hearing, but she had to work. The court stated that it was "not unsympathetic," but the additional information did not change its decision.

[3] L.M. did not file a reply brief.

Assuming without deciding that subsection (1)(h) is applicable in termination of parental rights proceedings, we conclude that L.M. is not entitled to relief.[4]

¶13   Under WIS. STAT. § 806.07(1)(h), a court may provide relief from a judgment for "[a]ny other reasons justifying relief from the operation of the judgment." This section is to be used sparingly and applies only where there are "extraordinary circumstances that constitute equitable reasons for relief." *See* ***State ex rel. M.L.B. v. D.G.H.***, 122 Wis. 2d 536, 549-50, 363 N.W.2d 419 (1985). "The party seeking relief bears the burden to prove that the requisite conditions exist." ***Sukala v. Heritage Mut. Ins. Co.***, 2005 WI 83, ¶12, 282 Wis. 2d 46, 698 N.W.2d 610.

¶14   In exercising its discretion under WIS. STAT. § 806.07(1)(h), a trial court should consider the following five, non-exclusive factors:

> whether the judgment was the result of the conscientious, deliberate and well-informed choice of the claimant; whether the claimant received the effective assistance of counsel; whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments; whether there is a meritorious defense to the claim; and whether there are intervening circumstances making it inequitable to grant relief.

***M.L.B.***, 122 Wis. 2d at 552-53. If a trial court sets forth inadequate reasons for its decision, we will independently review the record to determine "whether there is a basis for the proper exercise of discretion, including whether the record provides a

---

[4] *See* ***State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").

reasonable basis for the court's decision." ***Miller v. Hanover Ins. Co.***, 2010 WI 75, ¶47, 326 Wis. 2d 640, 785 N.W.2d 493.

¶15     Here, the record reflects that the trial court carefully considered L.M.'s motion to vacate the default judgment.  While the trial court did not explicitly reference each of the five factors for a WIS. STAT. § 806.07(1)(h) claim, we conclude that the record provides a reasonable basis for denying the motion. *See Miller*, 326 Wis. 2d 640, ¶47.

¶16     The first factor we consider is whether the judgment "was the result of the conscientious, deliberate and well-informed choice of the claimant." ***M.L.B.***, 122 Wis. 2d at 552.  In this case, the trial court found that L.M. "knew of the court date" and "there was an affirmative representation that she didn't wish to come to court, and didn't intend to come to court, and had no desire at the time to participate."  In addition, the trial court observed that L.M. was previously involved in termination of parental rights cases which would have given her "context and a level of experience … that is greater than simply one who had wandered into the proceedings cold so to speak."  Thus, the trial court found that L.M. was "aware of the importance for the proceeding" from her previous experiences.  We see no basis to disturb these credibility findings. *See* WIS. STAT. § 805.17(2).

¶17     The second factor is whether L.M. received effective assistance of counsel. ***M.L.B.***, 122 Wis. 2d at 552.  L.M. argues that she did not have effective assistance of counsel because she was not represented at the time the default judgment was entered.  This argument, however, fails because the right to counsel

only applies to parents who "appear[] before the court[.]" *See* WIS. STAT. § 48.23(2). Here, L.M. failed to appear in person.[5]

¶18 The third factor is "whether relief is sought from a judgment in which there has been no judicial consideration of the merits and the interest of deciding the particular case on the merits outweighs the finality of judgments[.]" *M.L.B.*, 122 Wis. 2d at 552. In regards to this factor, L.M. simply asserts that she was deprived of her right to have a decision on the merits. We will not develop arguments for parties. *See Clear Channel Outdoor, Inc. v. City of Milwaukee*, 2017 WI App 15, ¶28, 374 Wis. 2d 348, 893 N.W.2d 24. Moreover, the record reflects that the trial court took into consideration that a decision had not been reached on the merits, but, looking at the overall context of the case found that vacating the default judgment was not justified.

¶19 The fourth factor is whether L.M. has a meritorious defense. *M.L.B.*, 122 Wis. 2d at 552-53. L.M. contends that there is evidence supporting that she has made substantial progress towards meeting the conditions for reunification and that a reasonable effort has not been made to provide her with services. Even if we assume that L.M. has a meritorious defense to the child in continuing need of protection or services ground, L.M. does not offer a defense or develop an argument regarding the failure to assume parental responsibility

---

[5] We note that this case is distinguishable from *State v. Shirley E.*, 2006 WI 129, 298 Wis. 2d 1, 724 N.W.2d 623. In *Shirley E.*, the parent's attorney appeared in court, but the parent did not appear in person. *Id.*, ¶¶13-16. As a result of the parent's failure to appear in person, the trial court dismissed the parent's attorney. *Id.*, ¶¶16-17. Our supreme court concluded the parent did appear before the court through her attorney, thus invoking her right to counsel under WIS. STAT. § 48.23(2). *Shirley E.*, 298 Wis. 2d 1, ¶32. Here, unlike in *Shirley E.*, L.M. did not appear personally or by counsel. Accordingly, the right to counsel under § 48.23(2) did not come into effect.

ground. Only a single ground is needed to find a parent unfit. *See* WIS. STAT. § 48.415.

¶20 The fifth factor is "whether there are intervening circumstances making it inequitable to grant relief." *M.L.B.*, 122 Wis. 2d at 553. Whether the relief requested would be in the child's best interests should also be considered because it is "highly relevant to 'whether there are intervening circumstances making it inequitable to grant relief.'" *See Johnson v. Johnson*, 157 Wis. 2d 490, 500, 460 N.W.2d 166 (Ct. App. 1990) (citation omitted). The record supports the conclusion that reopening the proceedings would not be in A.S.M.'s best interest. As the trial court observed at the hearing on the motion to vacate the default judgment, A.S.M. was removed shortly after birth and has spent "a significant majority of his life" in an out-of-home placement. Moreover, a dispositional hearing was held and the trial court found it in A.S.M.'s best interests to terminate L.M.'s parental rights. Therefore, we conclude that the trial court's decision denying the motion to vacate is supported by the record.

¶21 Finally, L.M. argues that a new trial should be granted in the interest of justice. *See Vollmer v. Luety*, 156 Wis. 2d 1, 19, 456 N.W.2d 797 (1990). "The power to grant a new trial in the interest of justice is to be exercised 'infrequently and judiciously.'" *State v. Avery*, 2013 WI 13, ¶38, 345 Wis. 2d 407, 826 N.W.2d 60 (citation omitted). Based on the facts in this case, including the fact that L.M. was advised of the court hearing and chose not to appear, we are not persuaded that this is an "exceptional case" warranting the grant of a new trial. *See id.* (citation omitted). Therefore, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.