**COURT OF APPEALS
DECISION
DATED AND FILED**

**August 27, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2407**

STATE OF WISCONSIN

Cir. Ct. No. 2023SC30694

IN COURT OF APPEALS
DISTRICT I

BERRADA PROPERTIES 67 LLC,

      PLAINTIFF-RESPONDENT,

  V.

CARLOS MANUEL,

      DEFENDANT-APPELLANT,

ALL OTHER OCCUPANTS,

      DEFENDANT.

      APPEAL from a judgment of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

¶1 DONALD, P.J.[1] Carlos Manuel, *pro se*, appeals a judgment of eviction and writ of restitution. For the reasons discussed below, we affirm.

## BACKGROUND

¶2 Berrada Properties 67 LLC ("Berrada") is Manuel's landlord. On November 8, 2023, Berrada served Manuel with a five-day notice to pay rent or vacate the premises. Manuel failed to comply with the five-day notice and Berrada commenced eviction proceedings. After attempting to obtain personal service on Manuel, Berrada effectuated service of the eviction summons and complaint by posting and mailing it. In response, Manuel filed a motion for dismissal of the complaint.

¶3 On December 14, 2023, a return hearing took place at which Manuel appeared. There is no transcript of the hearing before us; however the record reflects that the circuit court ordered a judgment of eviction and a writ of restitution.

¶4 On December 22, 2023, Manuel subsequently filed a motion seeking to vacate "the restitution judgment." That same date, the circuit court held a hearing on Manuel's motion. The court construed Manuel's motion as a request to vacate the judgment of eviction and the writ of restitution due to improper service of the summons and complaint. Berrada argued that Manuel waived this argument by not previously raising it and additionally asserted there was in fact proper service.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶5      The circuit court agreed with Berrada, and found that Manuel waived any objection to service. The court further found that proper service took place pursuant to the affidavit of service that was filed. Manuel confirmed that he found the summons and complaint jammed into the door at his rental unit. Manuel now appeals.

## DISCUSSION

¶6      On appeal, Manuel first states that the circuit court lacked personal jurisdiction. Manuel, however, does not develop a coherent argument in his brief as to why the circuit court lacked personal jurisdiction. Further, to the extent he is challenging the circuit court's decision regarding the service of the summons and complaint, he does not explain why the decision was erroneous. While courts may afford some leniency to *pro se* litigants, we will not develop arguments for the parties. *See **State v. Romero-Georgana***, 2014 WI 83, ¶69, 360 Wis. 2d 522, 849 N.W.2d 668; ***Clear Channel Outdoor, Inc. v. City of Milwaukee***, 2017 WI App 15, ¶28, 374 Wis. 2d 348, 893 N.W.2d 24.

¶7      In addition, Manuel states that the proceedings were conducted in violation of WIS. STAT. §§ 801.11, 801.15(4), 801.16(1), 802.01, 802.05, 802.06(2)(a)(l), 805.04, 806.07(1)(a)(b) and several local rules. Manuel, however, does not develop an argument explaining how each statute and rule was violated. As a result, we decline to address this argument. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶8     Therefore, for the reasons above, we affirm.[2]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] We note that Berrada argues that Manuel's appeal is moot because the writ of restitution in this case has expired and Berrada never arranged for the sheriff to execute the writ. We do not address mootness because we conclude that Manuel's appeal fails on other grounds. *See **Barrows v. American Family Ins. Co***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508.