# COURT OF APPEALS
# DECISION
# DATED AND FILED

## November 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2024AP983**

Cir. Ct. No. 2023SC25168

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

---

MARGIE ADELA ALBIZURES,

      PLAINTIFF-RESPONDENT,

  V.

RAVI PARKASH,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Milwaukee County: REYNA I. MORALES, Judge. *Affirmed*.

¶1 DONALD, P.J.[1] Ravi Parkash, *pro se*, appeals a small claims judgment entered in favor of Margie Adela Albizures. For the reasons discussed below, we affirm.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

## BACKGROUND

¶2     On September 14, 2023, Albizures filed a complaint against her former landlord, Parkash, seeking the return of her security deposit.

¶3     On January 16, 2024, an evidentiary hearing took place before a court commissioner. The commissioner found in favor of Albizures.

¶4     Parkash requested a trial. On March 29, 2024, a bench trial took place. The circuit court ordered a judgment of $2,400 in favor of Albizures.

¶5     Parkash appealed. Subsequently, Parkash filed a statement on transcript indicating that transcripts were not necessary for the prosecution of the appeal. No transcripts of the evidentiary hearing before the court commissioner or the bench trial appear in the record before this court.

## DISCUSSION

¶6     On appeal, Parkash complains that Albizures and another tenant vacated the property at issue without proper notice, returned the keys late, and left damage and trash on the premises. Parkash appears to contend that the court commissioner and the circuit court failed to review the images he provided. Parkash also contends that the circuit court failed to give him "much chance to speak."

¶7     As stated above, the record does not contain any transcripts. As the appellant, it was Parkash's responsibility to ensure that the appellate record is complete for this court. *See **Fiumefreddo v. McLean***, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). When an appellate record is incomplete, this court must assume that the missing material supports a lower court's ruling. ***Id.*** at 27.

¶8      While courts may afford some leniency to *pro se* litigants, we will not develop arguments for the parties.  *See* ***State v. Romero-Georgana***, 2014 WI 83, ¶69, 360 Wis. 2d 522, 849 N.W.2d 668; ***Clear Channel Outdoor, Inc. v. City of Milwaukee***, 2017 WI App 15, ¶28, 374 Wis. 2d 348, 893 N.W.2d 24.  Accordingly, in the absence of any transcripts, we must affirm as we have no means to evaluate the evidence presented or the commissioner's or circuit court's reasoning.[2]

¶9      Therefore, for the reasons above, we affirm.

         *By the Court.*—Judgment affirmed.

---

[2] We note that Albizures did not file a response brief in this court.  The rules of appellate procedure require the timely filing of a response brief.  WIS. STAT. RULE 809.19(3).  When a respondent fails to file a response brief, this court oftentimes summarily reverses in the appellant's favor because the failure to file a respondent's brief "tacitly concedes" error.  ***State ex rel. Blackdeer v. Township of Levis***, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993) (citations omitted).  Here, however, we do not find it appropriate to summarily reverse given the insufficient record.  As the seeker of appellate review, Parkash was responsible for ensuring that there is a sufficient record to review the issues he raises and he has failed to do so.